OPINION of the Court, by
Judge Boyle.-
— This was a suit by* petition, upon a note with an assignment thereon in the following words, viz :
“ Cedar Point, July 31st, 180?. — On a settlement betwixt George Brown and me this day, it appears I am induing him a balance of eighty three dollars seventy-five cents, besides the former settlement, which I promise to pay as soon as 1 possibly can.
JOHN KINCAID.”
“ I assign the within note to Mr. John Higgins.
GEORGE BROWN.”
Besides the general issue of non assumpsit, two other pleas were filed in this case. The first in substance *397 States, that it was mutually agreed and understood be.-* tween the parties, that the defendant in the suit below, (the plaintiff here) had funds in Orleans, whence he expected remittances, on the receipt of which he was to-pay the sum of money in the note mentioned ; that the plaintiff, (now defendant) would not sue or demand the-same until the receipt of drafts from Orleans, and that such drafts had not yet been received. The second plea is a denial of the assignment of the note. To each of these pleas there was a demurrer, which upon argument was adjudged good by the court below ; the general issue was found for the plaintiff and judgment rendered for the amount of the note.
n^P^ei t0.d«* nient *of!S'the note is not
tiff¡a errorp cannot take advantage oi his own er-™tryor court bdow,
So far as the assignments of error may have been intended to question the propriety of the remedy by, petition on this note they are entitled to no weight. The principle settled in a former case between these parties, that a petition would not lie upon a note or bond, payable upon a condition or contingency, the performance or happening of which must be averred to entitle the party to his action, does not apply to this case. To shew that the debt was due and the party entitled to his action, no aven neat in addition to those made in the petition was necessary.
A promise to payas soon as the debtor possibly can, is in the contemplation of law a promise to pay presently. The law supposes every man able to pay his debts, and if the ability to pay was a question to be tried, the only practicable mode of trial is per execution, and of this it is not yet too late for the defendant in the court below to have full benefit.
The errors assigned as to the judgment of the court in sustaining the demurrers to the pleas before mentioned are equally groundless.
The one plea sets up a parol agreement totally variant from the note upon which the petition was founded, and was therefore properly adjudged insufficient. The other plea furnishes no answer to the plaintiff’s action ; it offers no new matter, as every special plea in bar ought todo ; nor does it, like the general issue, thwart and deny the whole of the plaintiff’s petition or declaration; it never can be permitted to the defendant, to divide %nd sub-diyide any one count in the plaintiff’s declara *398 tion into as many parts as he may think proper, and oik ^er seParate denials to each.
This would be a subversion of the regular and well established system of pleading.
The assignment of error predicated upon the want of joinder in demurrer, cannot be regarded.- It appears that the defendant below was heard by his counsel upon the argument of the demurrer, and the judgment of the court thereon is unquestionably correct ; no injury has therefore been done to the defendant in this respect. But if it is error, it has been produced by the defendant’s own neglect, and the cause having been tried upon its merits he ought not to be suffered to avail jiimself of an irregularity produced by his own wrong.
Judgment affirmed.