*McPherson,* for Appellant.

---

E. N. McCormick et al. *v.* Saml. Wilson's Admr., Etc.

**Promissory Note — Day of Payments Stipulated — Covenant to Extend Time by Payment of Interest Annually.**

Where a day of payment is stipulated in a promissory note and then a covenant inserted securing to the debtor the privilege of extension at his own pleasure, from year to year, by paying the interest annually, is not in conflict with any law or public policy, but when a failure to pay the interest promply occurs the privilege is forfeited.

**Lien for Purchase Money.**

In order to retain a lien on land for purchase money proper and apt words must be used in the deed for that purpose.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

March 7, 1867.

Opinion of the Court by Judge Williams:

In November, 1856, Saml. Wilson sold to W. R. Moupin a tract of land in Montgomery county and conveyed it by deed " for

and in consideration of the sum of thirty dollars per acre *in hand paid and secured to be paid,"* and on same day Maupin executed to Wilson his note for $4,800 — payable on November 17th following, with interest from date, with this condition inserted in it:

> *" I am to have the privilege of extending the time of payment as long as I chose by paying interest thereon annually at the rate of 6 per cent. per annum."*

On the same day Maupin bought another tract of Joseph and Simeon Wilson who also made him a deed " in consideration of the sum of $4,095 — *in hand paid and secured to be paid,"* and executed his note to Jas. Wilson for $2,095, payable November 17th thereafter, with interest from date, with a similar privilege of extending the time of payment by paying the annual interest.

Afterward Maupin sold these lands to the two McCormicks and Miller and took their three notes for $4,306.66⅔ respectively, due March 1, 1863, 1864, and 1865, with the privilege of extending the time of payment of each six years from the time due by paying the annual interest thereon. These notes were assigned by Maupin to Terry January 19, 1864.

Maupin continued to pay the annual interest promptly on his notes to the Wilsons until November 17, 1864.

January 23, 1865, McCormicks and Miller filed their petition against Maupin, Wm. Hoffman who had been appointed the Kentucky administrator of Saml. Wilson who had removed to Texas and there died, Joseph Wilson, and Jas. Terry, the holder of their notes, and prayed that the parties all interplead and that it be adjudicated whether the Wilsons held a lien on the land and if so that a perpetual injunction to the extent of the Wilson's heirs be granted them against the debts held by Terry.

The parties did interplead and the Wilsons asserted a lien for their debts, also claimed that their debts were due and that it was an attempt to make a perpetuity against the policy of the law, therefore, the privilege of Maupin to extend the payment indefinitely was illegal and void.

March 3, 1866, the cause came on for hearing, and the court adjudged to Hoffman, administrator of Saml. Wilson, $4,160 with interest at 6 per cent. per annum from November 17, 1864, and to Joseph Wilson $2,095, with a like interest against Maupin, and to Terry on the first two notes due as against the McCormicks and Miller with interest from March 1, 1863, and 1864,

respectively, but gave no liens but reserved all questions not adjudicated.

From this judgment McCormicks and Miller have appealed.

Although Maupin's counsel has argued the case as though he had either appealed or cross-appealed, yet the record shows neither, and as the counsel for the Wilsons seems to treat it as an appeal, it may be that the record before us does not perfectly present the facts.

Without intending to intimate that a covenant to indulge for a life upon a valuable consideration would be in conflict with any law or public policy, and without stopping to show that such would not fall within the somewhat notorious Haggin case, nor that of Kincaid v. Higgins, 1 Bibb, 396, nor any other case referred to, we remark that a day of payment was stipulated and then a covenant inserted securing to the debtor the privilege of extension at his own pleasure from year to year by paying the annual interest, consequently whenever a failure to pay this promptly occurred his privilege was forfeited.

Maupin seems well aware of this and promptly paid the annual interest up to November 17, 1864, but if he has paid any since we have failed to discover the evidence of it in this record, and so has the circuit judge, for he gives interest against Maupin from that day. Maupin offered in his answer to Wilson's cross-petition to pay the interest when it should become due, but he does not seem either to have paid it at the place designated in the notes, nor to have tendered it in court, nor do we perceive any legal obstruction to his having done so. Therefore, whatever may have been Maupin's privilege before this failure, it is now forever gone, and Sam Wilson's administrator and Jo. Wilson are entitled to have judgment for the principal as well as interest of their debts upon Maupin.

And as it is very clear that under section 26, chapter 80, 2 Stant. Rev. Stat. 250, and the decision of this court in Chapman v. Stockwell, 18 B. Mon. 653, that the Wilsons retained no lien by virtue of their deed, not having used proper and apt language for such purpose, it is but just and equitable that Maupin should be held to strict compliance with the conditions of his privilege covenanted for in the notes.

And as this suit was begun and prosecuted for other purposes, it does not matter that he had not forfeited this privilege when

the cross-suit of Wilson's was filed, as they must interplead for other purposes.

McCormicks and Miller never having paid any annual installment of interest forfeited the privilege secured in their notes to Maupin at the start.

There is no reason perceived why Wilson's administrator should not have had a judgment for his entire debt of $4,800 — instead of $4,160, unless it be clerical misprision, or because of the adverse claim which the McCormicks and Miller aver has been asserted by suit. If it was because of the former, it should be corrected by motion below where the court has ample power to do so; if for the latter, then the cause has not been finally adjudicated by the court below, and we cannot correct any errors thereon until finally adjudicated by the Circuit Court.

Wherefore, perceiving no errors in the personal judgments which we can correct now, they are affirmed.