CASE 90—PETITION EQUITY—MAY 26.

## Ireland vs. Berryman.

APPEAL FROM OWEN CIRCUIT COURT.

1.　M. held the title bond of I. and F. for a tract of land, for the purchase of which he owed two notes, with lien upon the land. B. held one note, I. and F. held the other. In lieu of the latter note, M. executed to I. and F. separate notes, with personal security to F. I. obtained judg-ment on his note, and had execution thereon in the officer's hands, when I. and F. made and acknowledged a deed to M. for the land in consideration of the amount of I's. judgment, which they acknowl-edged in the deed was fully paid. I., being county court clerk, recorded the deed the same day it was made, and had the land levied upon and sold to satisfy his execution, and became the purchaser of the land. B. filed his petition, setting out the facts, claiming a prior lien, and alleging that the making of the deed was a fraud upon his rights. Held—That the making of the deed was a fraud upon B.'s rights, and could, in no possible view, affect his lien as between the original parties; but as I. and F. had voluntarily made the deed without B.'s knowledge or consent, it is binding on them, and had

Ireland vs. Berryman.

the legal effect to waive all liens which they held as vendors. The only lien I. then held was his execution lien; and like all other execution creditors, this lien was subordinate to B.'s vendor's lien. B. then became the holder of the prior lien, being the only vendor's lien, and would be prior to I.'s execution lien.

2.  A judgment of the lower court, which is manifestly right, though given for a wrong or insufficient reason, will be affirmed.

G.. W. CRADDOCK,                                For Appellant,
                        CITED—

3 *J. J. M.*, 558 ; *Clark vs. Hunt.*

7 *J. J. M.*, 299 ; 1 *Dana*, 576.

3 *Dana*, 56 ; 5 *Monroe*, 287.

6 *Monroe*, 388; 4 *Littell*, 317.

4 *Littell*, 289 ; 3 *J. J. M.*, 45.

T. N. LINDSEY,                                 For Appellee.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

There is a class of agreed and disputed facts, each, in this case; of the first, are, that Thos. A. Ireland and W. J. Ford sold the land to Wm. Thornberry, who paid them two thousand four hundred dollars, and executed his notes for the remainder of the purchase price. Afterwards, Thornberry sold the land to Riley, who paid nothing, but executed his several notes for the purchase price, and Thornberry assigned to him Ireland and Ford's title bond.

Two of these notes were assigned by Thornberry to Baer, who again assigned them, and, after passing by several assignments, finally came to Berryman, as assignee. Riley not being able to pay for the land, by agreement and participation of all the parties concerned, it was sold to Thos. A. Moss, as trustee for his parent, for a sum less than Riley was to give Thornberry. Moss then executed his notes to Thornberry for the amount due from him to Ireland and Ford, and for the remainder in another note, who immediately as-

signed it to Berryman as part payment for the Riley notes held by him; and for the remainder, Berryman took Riley's note. Thornberry also assigned Moss's note to his vendors, Ford and Ireland. Berryman claims, but which is disputed, that, by this arrangement, he was to have a prior lien for the amount of the Moss note so assigned him.

After these transactions, Moss gave to Ireland and Ford separate notes for that portion due each, of his original note executed to Thornberry, and assigned to them jointly, and gave to Ford personal security. Ireland sued and obtained judgment on his note, and had execution in the officer's hands, when, August 1, 1862, he and Ford made and acknowledged to Moss a deed, in consideration, *as recited*, of one thousand three hundred and fourteen dollars and fifteen cents, *the amount of his judgment and acknowledged payment in full of the consideration; and Ireland, being the county clerk, had the deed recorded, the same day he had the land levied on by the execution, and became the purchaser himself at the sale.* He very soon thereafter joined the Confederate army and left the State.

Berryman filed his petition setting out the facts, claiming a prior lien, and alleging that the making said deed was a fraud upon his rights. Ireland was proceeded against as an absent defendant. The court rendered a judgment subjecting the land to Berryman's debt on Moss; but Ireland having returned, was permitted to file his answer and open the judgment. The case then proceeded to judgment again, and the court affirmed the former judgment, and Ireland seeks a reversal.

There is much controversy and pleading and evidence as to whether Berryman was to have the prior lien in the arrangement by which the land was sold to Moss, most of which we deem immaterial; because Berryman, at least,

had a joint vendor's lien with Ireland and Ford against Moss; and, though the subsequent separating Ireland and Ford's interest, and executing to them new notes instead of the original joint-assigned note, did not waive their lien, yet the giving to Ford other security may have waived his lien, and probably did; and the subsequent executing the deed by Ireland and Ford to Moss, acknowledging *full payment therein, waived all liens which either held as vendors*, as provided in *section* 26, *chapter* 80, *Revised Statutes* (*2d vol.*, 230), and as decided by this court in *Chapman vs. Stockwell*, 18 *B. Mon.*, 653, and several subsequent cases.

The making of this deed was, unquestionably, a fraud upon Berryman's rights, and could in no possible view affect his lien as between the original parties. But Ireland and Ford having voluntarily made it, without Berryman's knowledge or consent, it is binding upon them, and had the legal effect to waive all liens which they held as vendors.

The only lien Ireland then held was his execution lien, and, like any other execution creditor, this lien was subordinate to Berryman's vendor's lien; and no matter what may have been the original understanding of the parties when Ireland and Ford, by their own voluntary act, destroyed their vendor's lien, Berryman then became the holder of the prior lien, as his, being the only vendor's lien, would be prior to Ireland's execution lien. Ford seems to have been paid; at least he is not complaining; this litigation being entirely between Ireland and Berryman.

The answer of Ireland really presented no legal reason for opening the judgment; still, as the court correctly, on the final trial, adjudged to Berryman the prior lien, and as this was manifestly right, though it may

have been given for a wrong or insufficient reason, yet, as Berryman is unquestionably entitled to the prior lien as against Ireland and all the original parties, the judgment must be, and is hereby, affirmed.