CASE 19—PETITION EQUITY—JUNE 20.

# Long vs. Burke.

APPEAL FROM ANDERSON CIRCUIT COURT.

1. A vendor of land, when he executes a conveyance, *retains no lien* for the purchase money unless he complies with the regulations of the statute, and *expressly states in the deed what portion of the purchase money remains unpaid.* (*Sec.* 26, *chap.* 80, 2 *Stant. Rev. Stat.*, 230; *Chapman vs. Stockwell*, 18 *B. Mon.*, 653; *Gritton vs. McDonald*, 3 *Met.*, 252.)

2. The statute changed the common law rule and abolished the vendor's lien unless *the portion* of the purchase price remaining unpaid *was stated* in the deed.

3. In a conveyance of land, a covenant to pay *all the vendor's debts* existing on a given day *does not state the portion* of the purchase price unpaid, and consequently *creates no lien* on the land.

JOHN M. HARLAN,　　　　　　　　　　　For Appellant,

CITED—

　　17 *B. Mon.*, 143 ; *Neal vs. Davis.*
　　18 *B. Mon.*, 653 ; *Chapman vs. Stockwell.*
　　3 *Met.*, 252 ; *Gritton vs. McDonald.*

JOHN DRAFFIN,　　　　　　　　　　　　For Appellant.

T. N. & D. W. LINDSEY,　　　　　　　　For Appellee.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The deed of May 14, 1860, of one hundred and five acres of land by J. Long to R. M. Long, gave an interest to each of J. Long's children, which R. M. Long was to pay them as they severally arrived at age, at the rates of $10 per acre. As the number of acres and names of the children are set out, this sufficiently specifies the amount unpaid, and secures to them a lien for it under

our statute. These children were, therefore, essential parties under any view of Burke's claim.

This deed also contains this covenant: "and for the further consideration that the said Richard M. Long has paid *and is to pay all the debts which were owing by me the 10th day of March*, 1860." The vendor, J. Long, then owed Burke the note for five hundred dollars sued on, credited by one hundred dollars. Burke filed this petition, asserting a lien on this one hundred and five acres of land conveyed by J. Long to his son R. M. Long, by virtue of said covenant, which both the Longs resist.

By *section* 26, *chapter* 80 (2 *Stant. Rev. Stat.*, 230), it is provided, that "when any real estate shall be hereafter conveyed, and the purchase money, or any part thereof, shall remain unpaid at the time of the conveyance, the *grantor shall not thereby have a lien for the same, unless it be expressly stated in the deed what part of the consideration remains unpaid.*"

And in *Chapman vs. Stockwell* (18 *B. Mon.*, 653) this court held, that " a vendor of land, when he executes a conveyance, *retains no lien* for the purchase money unless he complies with the requisitions of the statute, and *expressly states in the deed what portion of the purchase money remains unpaid;* and this was subsequently affirmed in *Gritton vs. McDonald, 3 Metcalfe,* 252.

And it also held that the statute changed the common law rule and abolished the vendor's lien, unless the portion of the unpaid purchase price was stated. It is very clear that a covenant to pay all the vendor's debts existing on a given day does not state the portion of the purchase price unpaid; nothing, in fact could be more indefinite; it did not give even a clue as to how this amount could be ascertained. Had it even specified to whom these debts were due, without stating the amount

to each, it would have been as indefinite as to state that some of the purchase price was still unpaid to the vendor, which the court held to be insufficient.

It is at best but a personal covenant with J. Long, and no lien in his favor; and this is made the more imposing from the fact that, in summing up the indebtedness of J. Long, this debt to Burke was not estimated or mentioned in the trade with R. M. Long, as appears from the evidence.

The conveyance from J. Long to his son, R. M. Long, is not attacked as voluntary or fraudulent, but a lien alone is asserted by Burke, growing out of the recited covenant; and as this covenant secures no lien either to the vendor or his creditors, there was no foundation for either the action or judgment against R. M. Long. Wherefore, the judgment as to him is reversed, with directions to dismiss appellee's petition without prejudice to any other action which he may see proper to prosecute.