CASE 51—PETITION EQUITY—SEPTEMBER 19.

# Maupin, &c., vs. McCormick, &c.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1.  The vendor by executing a deed, without stating therein *what part of the purchase money remains unpaid,* thereby waives his lien; and having waived his vendor's lien, he cannot, by any subsequent notice, revive it. (*Chapman vs. Stockwell,* 18 *B. Mon.,* 653.)

2.  "*I am to have the privilege of extending the time of payment as long as I choose by paying interest thereon annually at the rate of six per cent.*" A note given in part payment of the purchase price of a tract of land, with the above condition, having been executed, upon a sufficient legal consideration, *such a condition* is not forbidden by any law or public policy, and the maker of the note, by paying the interest promptly as stipulated, has the right of extending the time of payment during his life; but this privilege could not be extended by him to another.

T. Turner,　　　　　　　　　　　　　　　For Appellants,

CITED—

17 *Ben. Mon.,* 488; *Hicks vs. Shouse.*

Turney,　　　　　　　　　　　　　　　On same side,

CITED—

17 *B. M.,* 483.

5 *Monroe.*

Simpson,　　　　　　　　　　　　　　　On same side.

B. A. Seaver and Richard Reid,

For Appellee, Wilson's adm'r, &c.,

CITED—

1 *Bibb.* 396; *Kincaid vs. Higgins.*

8 *Johnson's R.,* 189; *Thompson vs. Ketchum.*

1 *Com. R.,* 404; *Bean vs. Page.*

*S. C. Johnson's Rep.*, 285.

1 *Taunton*, 347; *Hogg vs. Smith et al.*

1 *Peters' U. S. R.*, 455; *Bank of Columbia vs. Hagan.*
*Chitty on Contracts*, 74.

5 *Monroe*, 8; *Haggin vs. Williamson.*

17 *B. Mon.*, 486; *Hicks vs. Shouse.*

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

November 17, 1856, W. R. Maupin purchased land of
Saml. Wilson, now dead, and, as part of the considera-
tion, executed his note for four thousand eight hundred
dollars, payable 17th of the following November, with
interest from date, with this covenant in said note : *"I
am to have the privilege of extending the time of payment
as long as I choose by paying interest thereon annually at
the rate of six per cent."*

And, at the same time, Maupin purchased of Joseph
Wilson land, and, as part of the purchase price, exe-
cuted to him a note for two thousand and ninety-five
dollars, due at the same time, with a like stipulation.

Maupin afterwards sold these lands to McCormick,
who filed a petition against Maupin, and the adminis-
trator of Saml. Wilson, and against Joseph Wilson, to
have it determined whether the latter held liens on the
land, and to compel Maupin to remove the same.

The holders of Maupin's notes, by answer and cross-
petition, seek to enforce a lien, and to have judgment
for these debts, all of which Maupin resists.

The deeds made by the Wilsons to Maupin do not set
out how much of the purchase money remains unpaid,
but recites that, in consideration of the stipulated price,
*"paid and to be paid,"* the conveyance is made, and does
not, in words, reserve a lien.

By *section* 26, *chapter* 80 (2 *Stant. Rev. Stat.*, 230), it is
enacted, that " when any real estate shall be hereafter

conveyed, and the purchase money, or any part thereof, shall remain unpaid at the time of the conveyance, the grantor shall not thereby have a lien for the same unless it be expressly stated in the deed what part of the consideration remains unpaid."

And in *Chapman vs. Stockwell* (18 *B. Mon.*, 653), which has ever since been followed, this court, in expounding this statute, held that the vendor, by executing a deed without stating therein what part of the purchase money remains unpaid, thereby waives his lien; and having, by the conveyance, waived his vendor's lien, he cannot, by any kind of subsequent notice, revive it.

We regard this as the true expounding of the statute. The emphatic language of the statute, that no lien shall accrue unless it be *expressly stated what part of the consideration remains unpaid*, could mean nothing else, and was designed to have the proper notice of unpaid purchase price incorporated in the deed, so that subsequent purchasers should not be deluded; whether this be a wise or unwise provision is not for us to determine; our office is to ascertain what the legislative will was, and to execute it.

It is clear, therefore, that the Wilsons, as vendors, retained no lien upon the lands as these deeds now stand.

Maupin avers and establishes that he has paid promptly every year the interest as stipulated in said notes, and claims the right to run them on the same condition at his own option. The circuit court seemed to regard this stipulation as contrary to the policy and genius of our laws, and held it void, and rendered judgment on the notes.

It is a stipulation that Maupin shall, on certain conditions, run the notes at his own option. Of course this could extend no longer than Maupin himself shall be

capable of exercising his own volition; therefore, when, by disease or death, he shall no longer be capable of " choosing," the notes must be paid, even if all the other conditions be strictly complied with. The notes were made payable November 17, 1857, with the privilege, at Maupin's choosing, to extend the time by the annual payment of interest. This, at most, could only be a privilege to extend the time during his life, and is not a perpetuity. It may, so far as the interest is concerned, be called an annuity to be paid by Maupin during his life, and we know of no law or public policy that forbids such transactions, or in any manner renders them invalid, and, when made upon a sufficient legal consideration, we perceive no reason why they should not be enforced.

This case is clearly distinguishable from all the cases referred to by counsel to sustain the judgment.

In *Kincaid vs. Higgins,* 1 *Bibb,* 396, Kincaid stipulated to pay the amount of the note as "*as soon as I can.*" The question was, when was the note due? Most obviously within a reasonable time at least, if not immediately, because, as this court has said in a case at its present sitting, on a debt of similar conditions (*Cecil vs. Welch*), the only legal way to ascertain the fact and put it beyond all dispute, was by judgment and execution, when, if it could be made established by irrefragible evidence that the debt was due, and if it could not, it would do the defendant no injury.

So in *Haggin vs. Williams,* 5 *Mon.,* 8, in which Haggin, having bought of Williams a house and lot at $1,000, and was to furnish her a dwelling-house to live in until he paid the purchase price, in his obligation to her he inserted, "*in which he was not to be hastened,*" this court held that it was a covenant to be performed with-

in a reasonable time, and as Haggin seemed dilatory, "he ought to be hastened," otherwise, of course he could have permitted Mrs. Williams to remain in her own house her lifetime, and then taken the house and lot at the $1,000, though it might in the meantime have greatly increased in value, and her whole object in selling been defeated.

But in this case Maupin, for a valuable consideration, stipulates that he will pay the amount on a particular day, with the privilege of extending the time of payment by paying promptly the annual interest. This privilege was a part of the original consideration, and it is stipulated, that should he exercise the privilege, he would pay for it the consideration allowed by law; without this privilege, he might have been unwilling to make the purchase. We think it clear, therefore, that Maupin secured to himself, upon a legal valid consideration, a lawful valuable privilege, which he should not be deprived of.

But the language of these deeds seems to imply that it was understood by the parties that the vendors were to retain liens upon the land for the unpaid purchase price, which may have been left out through mistake; and as the cause must be remanded for further and different adjudication, if the holders of Maupin's paper should desire, within a reasonable time, to amend and assert that it was so understood and stipulated, but was left out through mistake, this should be allowed, and the deeds re-formed and heirs secured, should this be made manifest, especially as this will do Maupin's vendees no wrong, they still owing a sufficiency to him to liquidate his debts to the Wilsons.

If no lien on the land should be established, in view of the sale by Maupin of the land, and the death of one

of the vendors, and their removal from the State, it would at least be equitable for the chancellor to require Maupin to secure these debts by good security of some character; and if he does so by personal surety, the chancellor should retain the cause for the purpose of requiring from time to time additional surety, should the security at any time become doubtful in value or responsibility.

Wherefore, the judgment is reversed, with directions for further proceedings in conformity to this opinion.

The judgment of *Terry vs. McCormick et al.* is also reversed.