JUDGE LINDSAY
delivered the opinion oe the court.
Appellants, Pearce, Tolle & Holton, sued out an order of attachment, and on the 21st day of April, 1875, caused it to be levied on two tracts of land in Scott County, to which they allege in their petition their debtor, Geo. E. Johnson, holds the equitable title. They admit that Newcomb holds a mortgage on said lands, and they ask that he be compelled to enforce his lien. They also state that on the 28th of August, 1874, these lands were attempted to be mortgaged to the appellees, Hall & Offut, and they ask that said last-named parties be required to set up and enforce their claims.
There is no controversy as to the superior lien of Newcomb.
*211 Hall and Offut made their answer a cross-petition against Johnson, the common debtor, and averred that the mortgage to them was executed and delivered to secure the payment of a note for the sum of $2,628. Johnson answered and confessed the right of Hall & Offut to the relief sought.
The lands were adjudged to be sold, and the court held that the mortgage lien of Hall & Offut was superior in dignity to the attachment lien of Pearce, Tolle & Holton, and the latter parties have appealed, and ask that so much of the judgment as postpones their right to payment, until the claim of Hall & Offut is satisfied, be reversed.
The conditions of the mortgage under which appellees claim their superior lien is in these words:
“Now the conditions of this conveyance are these: That whereas I have this day, and simultaneously herewith, executed to the said Offut & Hall my note of even date herewith, and due and payable six months after date, with ten per cent interest from date until paid, and if I shall pay off said note and interest when the same becomes due, then this conveyance to be null and void, otherwise it is to remain in full force and operate as a mortgage.”
It will be observed that the amount of the note is not set out, and there is nothing in the conveyance from which any inference whatever as to its amount can be drawn.
If we treat it as a conceded fact that the note in question represents the debt intended to be secured by the conveyance, the inquiry will be whether a mortgage so drawn, when properly lodged for record, creates a lien in favor of the mortgagee of which purchasers and creditors are bound by law to take notice.
Section 10, chapter 24, General Statutes, provides that “No deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed shall be acknowledged or proved according to law, and lodged for record.”
*212 It is the policy of our law to require parties holding liens upon property not taken into possession to give notice to the public of the existence of their rights; hence as to purchasers for a valuable consideration, and as to creditors, a mortgage does not become operative until lodged for record in the proper office.
The spirit of our statutes upon this subject requires not only that such conveyances shall be lodged for record, but that they shall show for themselves, and without the aid of extrinsic evidence to be obtained by inquiry, the nature of the lien, and witli a reasonable degree of certainty the amount of the debts they are intended to secure. If the amount be ascertained, as in this case, it ought to be stated. If it be not ascertained, then such descriptive facts as are within the knowledge of the parties, and as tend to put one interested in the inquiry upon the track leading to a discovery, ought to be set out.
Unless this much is done the public record does not show the state of the title, and room is left for the substitution of fictitious and fraudulent claims, and the prime object of the recording system is subject to be defeated.
But the appellees claim there is enough in the mortgage to put purchasers and creditors upon inquiry, and that in equity this amounts to notice. But it is not the notice contemplated by the statutes; and, as we have just seen, it can not be so regarded by the courts without, in the main, subverting the obvious purpose for which they were enacted.
As indicative of the legislative intent upon this subject we refer to section 24, article 1, chapter 63, General Statutes, which provides that a vendor of real estate who conveys the title before the purchase-money is paid shall not have a lien for the same against bona fide creditors and purchasers unless it is stated in the deed what part of the consideration remains unpaid.
Under a somewhat similar provision in the Revised Statutes *213 this court frequently held that the vendor, to retain his lien, must comply strictly with its terms; and in the case of Long v. Burke (2 Bush, 90) it was held that this covenant, “And for the further consideration that the said Richard M. Long has paid, and is to pay, all the debts which were owing by me-the 10th day of March, 1869,” was not sufficient, because of indefiniteness. And it was said that, had the recital specified to whom the debts were due, without stating the amount of each, it would have been as indefinite as to state that some of the purchase price was still unpaid which had theretofore been decided to be insufficient.
We are satisfied that a mortgage, to be good against a purchaser for a valuable consideration, or a creditor, must not only be lodged for record in the proper office, but must, as far as is reasonably practicable, set out the amount of the debt for the payment of which the parties intend it as a security. We do not mean to intimate that an omission to state the date of the note, or the time at which it will fall due, or the precise amount of the debt, even when the amount is ascertained, is essential to make the mortgage valid; but to hold the omission in this case immaterial would be in effect to say that a mortgage need only show that the mortgagor is indebted to the mortgagee, and that purchasers and creditors must, upon that recital, ascertain for themselves as best they can the amount of the indebtedness.
• To this it is answered that the claim of appellants was created several years anterior to the execution of the mortgage, and hence they could not have been misled or deceived by the failure of the mortgagor to state the amount of the note, the payment of which he was attempting to secure; and it is claimed as there is no actual fraud in the transaction, and as the appellants could not have been injured by the defect in the mortgage, and as their claim to the proceeds rests alone upon their attachment levy, that according to the doctrine of the cases of Shouse v. Utterback and Swigert v. Bank of Ken *214 tucky (2 Met. 54, and 17 B. Monroe, 289), they must now be subordinated to the senior equity or lien of the appellees.
This conclusion is based on the assumption that as between the mortgagor and the mortgagees the mortgage is valid and binding, and that the amount of the mortgage debt may be established by the production of the note and other extrinsic evidence. But the production of the note increases rather than lessens the confusion and uncertainty. The note described in the mortgage bears even date with that instrument. The note filed with the answer and cross-petition of the appellees is dated one day later than the mortgage.
It may be that the statement of the amount of the note was omitted from the mortgage by inadvertence or oversight, and that by mistake the note was incorrectly dated. And if these be the facts it may be within the power of a court of equity to reform the mortgage and correct the mistaken date of the note. But the appellees do not aver that these are the facts of the transaction, and do not ask for any such relief.
Upon the contrary, they allege that the note does bear the same date with the mortgage, and that it was to bear interest at the rate of ten per centum per annum, and they file with their petition a note dated one day later than the mortgage bearing six, and not ten per centum interest.
It appears, therefore, that they rely upon an instrument so defectively executed as not to be recordable under the recording statutes, and upon a note alleged to evidence the mortgage debt, which in two essential particulars differs from the recitals of the mortgage and contradicts the averments of their petition.
They certainly are not in an attitude to claim that when appellants attached the lands of the common debtor they had a subsisting and enforceable lien upon them, and that in consequence of that fact they should be preferred.
Upon the face of the record as it now stands the debtor Johnson might successfully resist the claim of the appellees to *215 the mortgage lien, and his attaching creditors are entitled to the benefit of all the defenses he could make so far as may be necessary for the protection of their attachment liens.
The court below should have directed the payment of appellants’ debt before any portion of the proceeds of the attached property were applied to the satisfaction of the note sued on by appellees.
Judgment reversed, and cause remanded for a judgment conforming to this opinion.