## H. N. CARNEAL'S ADM'R v. MARY MARTIN, ET AL.

**Lien of Purchase Money—Waiver of Lien.**

The taking of security for the purchase money for land at most only creates a presumption of an intention to waive the lien given by the law.

**Lien Reserved in Deed.**

Where a lien for the balance of purchase money is reserved in the deed, the taking of personal security also is not a waiver of such lien.

**Waiver of Purchase-Money Lien.**

When a deed conveying real estate has not been recorded, the purchaser of the notes for the balance of purchase money, with no notice that a deed had been made or of what it contained, who surrenders such notes, taking new ones with personal security, and the debtor represents to him that the land is good for the debt, does not, by taking such security, waive his right to hold also the lien for the balance of the purchase money of such land.

### APPEAL FROM TODD CIRCUIT COURT.

#### June 15, 1877.

OPINION BY JUDGE COFER:

Glenn sold a tract of land to N. W. Martin and gave him a bond for title. N. W. Martin sold the land to J. D. Martin, who executed to him his note for the purchase money. Whether N. W. gave J. D. a bond for title does not certainly appear and is not important. N. W. Martin requiring the purchase money sooner than J. D. was able to pay it, the latter procured his son-in-law, E. H. Petree, to buy the note, which he did and held for two or three years, during which time various payments were made on it. Petree being unable or unwilling to give further indulgence, J. D. Martin applied to Carneal to buy the note, which he agreed to do if Martin would execute to him a new note with Petree as surety for the amount due on the old one. A new note was accordingly given, with Petree as surety, which recites on its face that it was given for land. J. D. Martin departed this life without having fully discharged the new note, and Carneal brought this suit in equity against his widow and heirs claiming a lien on the land and seeking its sale to satisfy his debt. The widow answered, controverting the lien, and the circuit court having adjudged against Carneal, his administratrix (he having died in the meantime) prosecutes this appeal to reverse that judgment.

It appears from the pleadings and evidence that, at the instance of N. W. Martin, Glenn conveyed the land directly to J. D. Martin by deed bearing date September, 1865, in which the receipt of the whole purchase money is acknowledged. The note sued on is dated in July, 1866, so that at its date J. D. Martin held the legal title under a deed which not only retained no lien for the security of the note, but in express words acknowledged the payment in full of the purchase

money. But the deed had not then been recorded, and its existence was unknown to either Petree or Carneal. It also appears that Martin then represented that the land would be bound for the note.

It is clear that Petree had a lien which was unaffected by the conveyance, without his knowledge, by Glenn to J. D. Martin. *Ireland v. Berryman,* 3 Bush 356. But it is claimed that the acceptance by Carneal of a new note with Petree as surety was itself a waiver of the lien theretofore existing, and the circuit court so adjudged.

The taking of security for the purchase money for land at most only creates a presumption of an intention to waive the lien given by the common law. Story's Equity, Sec. 1226; *Clark v. Hunt,* 3 J. J. Marsh. 554. And it has been held that where a lien is reserved in the deed the taking of personal security also is not a waiver of the lien. *Beyland v. Sewell,* 4 Bush 637. At the time the new note was executed Carneal and his assignor, Petree, were ignorant that a deed had been made, and as Martin represented that the land would be bound for the new note they had a right to assume that no deed had been made; and to allow Martin, or volunteers under him, to set up facts then known to him but unknown to Carneal, in order to defeat a lien which Martin then represented as existing, would be to enable them to perpetrate a fraud. If, as Carneal had a right to assume from the representations of Martin, no deed had been made, the lien would not be waived by the acceptance of a new note with personal security. *Lusk v. Hopper, Trustee,* 3 Bush 179, and authorities there cited.

We are therefore of the opinion that the court erred in adjudging that the lien had been waived. Judgment *reversed* and cause remanded for a judgment in conformity to this opinion. The heirs did not resist the relief sought by Carneal and there will be no judgment for costs except against the widow, Mary Martin.

*H. G. Pertrie, for appellant. Perkins & Perkins, for appellees.*

