## Stephens' Administratrix et al. v. Union Central Life Insurance Company et al.

(Decided November 13, 1928.)

### Appeal from Hardin Circuit Court.

Vendor and Purchaser.—Where consideration stated in deed was "the sum of one dollar and other considerations of value, the receipt of which is hereby acknowledged," and immediately after description of land was found "a lien is retained to secure payment of unpaid purchase money," vendor had no lien for unpaid purchase money as against creditor recovering judgment against purchaser under which execution was levied, under Ky. Stats., sec. 2358, relating to vendors' liens.

HAYNES CARTER for appellants.

C. E. MORGAN and WILLIAMS & HANDLEY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

On July 9, 1917, H. C. Stephens and wife conveyed to B. F. Crawford a tract of land lying in Hardin county containing about 27½ acres. The consideration stated in the deed was "the sum of one dollar and other considerations of value, the receipt of which is hereby acknowledged." Immediately after the description of the land was the following:

"A lien is retained to secure payment of the unpaid purchase money."

As a matter of fact the consideration was not paid, but was represented by eight promissory notes for the sum of $147.04, payable at various times after date.

In the year 1919, B. F. Crawford obtained a loan from the Union Central Life Insurance Company which was secured by a mortgage on another tract of land. Crawford having failed to meet the payments, the company brought suit to enforce its lien. The land was sold, and did not bring enough to pay the debt. On August 7, 1926, an execution issued for the deficiency, and on August 27, 1926, the execution was levied on the 27½ acre tract of land conveyed to Crawford by Stephens and wife by the deed referred to above.

H. C. Stephens died in the year 1926, survived by his widow, Sarah Stephens, who qualified as his admin-

istratrix on October 13, 1926. On the same day she, as administratrix, brought this action to recover on the eight notes, claiming that they were secured by a lien on the 27½-acre tract superior to the execution lien of the Union Central Life Insurance Company. From a judgment awarding the Union Central Life Insurance Company a prior lien this appeal is prosecuted.

Cases arising under sections 494 and 496, Kentucky Statutes, are not in point. The controlling statute is section 2358, Kentucky Statutes, which is as follows:

"When any real estate shall be conveyed, and the consideration, or any part thereof, remains unpaid, the grantor shall not have a lien for the same against bona fide creditors and purchasers, unless it is stated in the deed what part of the consideration remains unpaid."

Due to the fact that the construction of this statute was settled at an early date, recent cases on the question are not numerous. In the case of Chapman v. Stockwell, 18 B. Mon. 650, the court said:

"This provision seems to be susceptible of but one construction, and that is, that a vendor, when he executes a deed of conveyance, retains no lien for the unpaid purchase money, unless he complies with the requisitions of the statute, and expressly states in the deed what part of the consideration remains unpaid. Before the adoption of the Revised Statutes the execution of a deed of conveyance by a vendor was not regarded as a waiver of his lien, but as his lien was a mere equity, the land, when it passed into the hands of the purchaser from his vendee, was not affected by it, unless the purchaser had notice of its existence. Hence the inquiry that frequently arose in such cases, whether the deed itself furnished such notice; but that inquiry was wholly unnecessary where actual notice could be proved. The statute under consideration does not declare that the deed shall not be notice of the existence of a lien, unless it contain an explicit statement of what part of the consideration remains unpaid. If it had only done this its object and effect would have been merely to change a rule of evidence, and not to alter the law regulating the lien itself. But on the contrary it expressly declares, that if any

part of the purchase money remains unpaid at the time of the conveyance, the grantor shall not thereby have a lien for the same, unless the consideration remaining unpaid be expressly stated in the deed. According to this language the existence of the lien itself depends upon a compliance with the statute, and the execution of a deed of conveyance, which does not contain the required statement in relation to the unpaid purchase money, amounts in law to a waiver of the vendor's lien."

The rule above announced was followed and re-affirmed in Cottman's Adm'r v. Martin, 1 Metc. 564; Gritton v. McDonald, 3 Metc. 253; Long v. Burke, 2 Bush 91; Maupin v. McCormick, 2 Bush 208; Ireland v. Berryman, 3 Bush 359.

But the point is made that the language of the deed, "A lien is retained to secure payment of the unpaid purchase money," was sufficient to put a creditor on inquiry. Even if the question of notice were material, it is not perceived how the language referred to could have put one on inquiry in view of the recitation in the deed that the entire consideration had been paid. However, the question of notice plays no part in the case. This question was likewise considered in Chapman v. Stockwell, supra, and the court said:

"The effect of the statute then is, that there is no lien where the grantor has executed a deed of conveyance, unless it be expressly stated in the deed what part of the purchase money remains unpaid, and consequently that actual notice, in such a case, to a subsequent purchaser, that part of the purchase money due to the original vendor remains unpaid, will not affect his title to the land. The original vendor, by executing a deed, without stating therein that the purchase money remains unpaid, thereby waives his lien, and cannot revive it by giving notice that part of the purchase money is still unpaid, for which he claims a lien upon the land."

It follows that appellant had no lien as against the Union Central Life Insurance Company, and that the chancellor did not err in adjudging that company a prior lien, by virtue of the levy on the land of the execution, in its favor.

Judgment affirmed.