## Uppington et al. v. Cooper.

June 20, 1939.

Wm. J. Baxter, Judge.

J. A. Edge, J. Smith Hays and William Hays for appellants.

Charles F. Spencer for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On February 3, 1932, Walter P. Watts and wife executed and delivered to Mrs. Emma Merritt a deed for a lot on East Washington Street in Winchester, the

recited consideration being "One dollar, and other good and valuable consideration, this day cash in hand paid to the first party, the receipt whereof is hereby acknowledged, and the further consideration of the sum of one hundred dollars ($100) to be paid 6 months after date as evidenced by the promissory 'note of the second party * * *." Thereafter the lot conveyed by the deed was levied upon and sold under execution in the case of F. W. Uppington v. R. W. Merritt et al., to satisfy a judgment rendered in that action, it being alleged that while the title was taken in the name of Mrs. Emma Merritt, it was in fact the property of her husband, R. W. Merritt. The property was purchased at the execution sale by Uppington and he in some manner thereafter transferred a one-fourth interest to J. Smith Hayes and deed was directed to be made to both of them.

By answer and cross-petition, Walter P. Watts alleged in substance that the real consideration for the conveyance of the lot from him to Mrs. Merritt was $200 and that upon delivery of the deed she executed and delivered to him a check for $100 and executed a note for $100 payable in six months as recited in the deed; that neither of the sums evidenced by the writing had been paid and that he had a lien on the property to secure their payment which had not been released; but that he had assigned, sold and transferred to Carrie Lee Cooper the check and note and that she was the owner and holder thereof; that the lien had been assigned by him to her as shown by the record in the office of the county clerk.

Later Walter P. Watts and Carrie Lee Cooper, as assignee of the lien debt set up in his answer and cross-petition, moved the court to require F. W. Uppington to pay into court $200, the purchase price of the lot with interest on same from June 25, 1934, until paid and that same be applied to the payment of the Watts lien debt on the property, which motion was overruled and thereupon W. P. Watts moved the court to dismiss his answer and cross-petition because he had been paid the $200 mentioned in his pleading and made assignment of the note and check to Carrie Lee Cooper. Thereafter Carrie Lee Cooper filed amended answer and petition setting up the transfer of the check and note to her and alleged that by reason thereof she had a lien on the lot to secure its payment and that her lien was prior and superior to any lien or claim of plaintiffs. She prayed that she be adjudged a lien upon the property described

in the deed to secure the payment of the indebtedness evidenced by the check and the lien with interest and that the lot be sold and the proceedings applied to the payment thereof.

By pleading styled reply of W. P. Watts and answer of J. Smith Hayes and counterclaim against Carrie Lee Cooper, the allegations of the pleading filed by Carrie Lee Cooper were traversed. It was alleged that after filing a lis pendens notice when the attachment was sued out and placed in the hands of the sheriff, R. W. Merritt and wife colluded with Carrie Lee Cooper, their daughter, and that R. W. Merritt furnished her money with which to pay off and satisfy the purchase money due Uppington and in pursuance of such collusion Carrie Lee Cooper did pay and satisfy the check with money so furnished and took an assignment on the margin of the record; that the deed from Uppington to Emma Merritt acknowledged payment of the $100 purchase price and if Carrie Lee Cooper ever paid any of the purchase money with money of her own she did so with knowledge that Uppington's lien was in full force, etc. They prayed that the answer and amended answer of Carrie Lee Cooper be dismissed and they have judgment on their counter-claim quieting their title to the lot in controversy from any and all claims of Carrie Lee Cooper.

By subsequent pleading, Carrie Lee Cooper traversed the affirmative allegations of the joint plea of Uppington and Hayes.

On final hearing it was adjudged that Carrie Lee Cooper recover on the note referred to in the pleading the sum of $100 with interest from February 3, 1932, until paid, but that her petition be dismissed as to the check for $100 given on purchase price of the property and that she have a lien on the property to satisfy the payment of the note superior to the lien of plaintiff and all other persons and adjudged that the property be sold for the purpose of satisfying her lien debt and the costs of the action. Plaintiffs objected and excepted to so much of the judgment as allowed Carrie Lee Cooper recovery on the $100 note and she objected and excepted to so much of the judgment as denied her recovery on the $100 check. Watts and Hayes have appealed and Carrie Lee Cooper's motion for a cross-appeal has been sustained.

First taking up the contention of Carrie Lee Cooper

on her cross-appeal that the court erred in denying her recovery on the $100 check it may be noted that there is nothing in the deed showing that this part of the purchase price on the lot was not paid.

Section 2358, Kentucky Statutes, reads:

"When any real estate shall be conveyed, and the consideration, or any part thereof, remains unpaid, the grantor shall not have a lien for the same against bona fide creditors and purchasers, unless it is stated in the deed what part of the consideration remains unpaid."

The deed only discloses that $100 of the consideration remained unpaid. In Stephens' Adm'x v. Union Central Life Ins. Co., 226 Ky. 233, 10 S. W. (2d) 833, it is said in substance that unless the amount of the unpaid consideration is stated in the deed, the grantor has no lien against the property conveyed to secure the unpaid considerations as against bona fide creditors or purchasers. And as indicated in annotations under this section of the statute it requires such a recital as will clearly notify the creditors and subsequent purchasers that the consideration or some part thereof has not been paid and exactly what part remains unpaid. While as between the parties the grantor had a lien for all unpaid purchase money (Starbird v. Blair, 227 Ky. 258, 12 S. W. (2d) 693), he did not as indicated by authorities above cited have a lien for any unpaid purchase money not stated in the deed as against bona fide creditors, and therefore the chancellor's judgment in that particular was correct.

Turning to the other phase of the case, we find as disclosed by the record that the check when presented was dishonored and Watts was not paid until he assigned it to Carrie Lee Cooper and the note had not been paid by the maker or by any one for him before its assignment. The evidence shows beyond question that Carrie Lee Cooper did pay to Watts the amount of the check and note with interest and there is no evidence except such as might arise from inferences to sustain the allegations that R. W. Merritt furnished the money to take up the check and note; and he and Carrie Lee Cooper testified positively that he did not, although her evidence as to how she came by the money is vague and uncertain and in some points contradictory. But be that as it may, appellants were not prejudiced by the

transfer of the note since, if it had not been assigned and transferred, Watts would have had a prior and superior lien on the land to secure its payment.

On the whole there is ample evidence to sustain the chancellor's finding and the prevailing rule is that where the chancellor's finding is in accord with the evidence or where the evidence of the complaining parties does nothing more than raise a doubt concerning the chancellor's finding, it will not be disturbed by the appellate court.

Wherefore, the judgment is affirmed on both the original and cross-appeals.