## Cunningham's Adm'r et al. v. Owens.

June 25, 1948.

Rehearing denied October 15, 1948.

Leon Seidman for appellants.

Martin J. Duffy, Jr. for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

This appeal is brought to reverse that part of the chancellor's judgment which allowed appellee, Mrs. Mary Owens, to recover $714.23 on a claim against the estate of Thomas Cunningham. The sole contention made by the administrator is that the finding of fact by the chancellor is not supported by the evidence.

Thomas Cunningham died intestate at the age of 78 on April 23, 1945 in the General Hospital in Louisville as the result of having been struck by an automobile. Previously, he had been employed by the K. & I. R. R. Company but had been out of work for some 15 or 20 years before his death. Mr. Cunningham was not survived by a widow or children and his nearest of kin were two sisters and a brother, who joined the administrator in this suit to settle his estate.

Mrs. Owens was made a defendant in the suit and she filed a claim against the estate for $1649.83, which she duly pleaded in her answer and counter-claim. Upon proof heard the commissioner allowed her claim only to the extent of an item of $714.23 and another of $10. Upon exceptions filed, the commissioner's report was confirmed by the chancellor and the administrator appeals only from that part of the judgment allowing Mrs. Owens to recover the item of $714.23. There is no cross appeal by Mrs. Owen.

Cunningham owned a home at 2945 Bank Street in Louisville in which he resided alone for some years until 1935. At that time Mrs. Owens and her family resided at 2947 Bank Street and appear to have been on intimate terms with Mr. Cunningham. He must have been in rather a bad financial condition, as Mrs. John B. Gross, a daughter of Mrs. Owens, testified that the old man was cooking over a grate fire with a coffee pot and a skillet

and that the water and electricity had been turned off. Mrs. Gross further testified that Mr. Cunningham suggested to her mother that she move her family into his house, pay the taxes and upkeep thereon and he would charge her no rent; that the old man was not then working and had not been for 5 or 6 years. Her mother accepted the proposition and Mr. Cunningham resided in the house and took his meals with her mother's family until Mrs. Owens moved out on Dec. 8, 1944.

Mrs. Gross filed with her deposition a written agreement signed by both her mother and Mr. Cunningham on Dec. 31, 1935, which reads:

"I, Mary Owens, have agreed to install bathroom outfit, linoleum, stove and roof for house amounting to $714.23 at the residence located at 2945 Bank Street. This merchandise is being purchased by myself (Mary Owens) and installed with the consent of the owner of this property, Mr. Thomas Cunningham. Mr. Cunningham agrees that I, Mary Owens, will be entitled to equity in the house to the extent of the entire cost of the repairs, merchandise and installation of same to the above mentioned property."

Prior to this written agreement Mr. Cunningham and Mrs. Owens executed their joint note for $714.23 on Nov. 21, 1935, to Sears Roebuck & Company for installing a bath and putting a roof on the house. This was a Federal Housing Administration loan payable at the Lincoln Bank & Trust Company in monthly installments of $14.90. Mr. J. C. Kemper, in charge of personal loans at that bank when this note was executed, testified that at the time the loan was made Mr. Cunningham was not working with the railroad company and gave his occupation as running a boarding house, as did Mrs. Owens who joined Cunningham in making the note. Kemper did not know who made the payments on the note as it was customary for same to be sent into the bank, but the last installment was paid Dec. 5, 1939. The note and the bank's statement showing the payments were introduced through Mr. Kemper. The record does not show where these papers came from nor does it show where Mrs. Gross obtained the written agreement filed with her deposition.

Owsley Hampton in testifying for the administrator

stated that while in the hospital Cunningham handed him about $50 and the key to his room with the request that he not give the key or the money to Mrs. Owens. She asked the witness for the key but he refused to give it to her.

Elizabeth Clagle testified for appellee and stated that Cunningham while in the hospital told Mrs. Owens where she could find the key to his room, directed her to get it and obtain a pocketbook which contained $38 and was to be used in getting him in a nursing home. That Mrs. Owens was unable to find the key at the place designated by Cunningham and the witness furnished her with one but did not accompany Mrs. Owens when the latter went to Cunningham's room.

The administrator testified that on visiting Cunningham's room he found the old man's trunk had been prized open and his papers and personal effects were scattered about his room, but the witness did not know who had broken open the trunk. That right after Cunningham's death Mrs. Owens told him the deceased owed her $350 for work done on his house and she could raise it to $700.

From this evidence the attorney for the administrator argues that Mrs. Owens had Cunningham to execute the agreement of Dec. 31, 1935, to protect her in having signed the $714.23 note; that Cunningham paid the note and had the agreement in his trunk and that Mrs. Owens entered his room, broke open the trunk and obtained the agreement therefrom after Cunningham's death. This is but a surmise on the part of the attorney for the administrator and there is no evidence to support it. As it is undisputed that Mr. Cunningham had been unemployed for some 15 or 20 years before his death and as the evidence shows he was in straitened financial circumstances when Mrs. Owens moved into his house in 1935, it is difficult to conceive where or how the old man obtained the money to pay the $714.23 note. On the other hand, Mrs. Owens was operating a rooming house in the Cunningham property and was in a position to meet the payments as they fell due on this note.

We think the evidence amply supports the finding of the chancellor that this note was satisfied by Mrs.

Owens. But had the evidence left our minds in doubt, this would not justify us in disturbing the judgment. Dixon v. Dixon, 236 Ky. 608, 33 S. W. 2d 611; Uppington v. Cooper, 279 Ky. 305, 130 S. W. 2d 733.

The judgment is affirmed.