**Jack JOHNSON et al., Appellants,**

**v.**

**PITTSBURGH CONSOLIDATION COAL COMPANY and Kentucky-West Virginia Gas Company, Appellees.**

**No. 12195.**

United States Court of Appeals,
Sixth Circuit.

Feb. 15, 1955.

V. R. Bentley, Pikeville, Ky., for appellants.

F. L. Rice, Pikeville, Ky., Combs & Combs, Prestonsburg, Ky., for appellees.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

Appellants filed a complaint in the United States District Court seeking vestiture of title in themselves to land containing minerals situated in Pike County, Kentucky. Appellees, Pittsburgh Consolidation Coal Company and Kentucky-West Virginia Gas Company, named defendants in the action, moved for and obtained summary judgment in their favor dismissing the action.

The one time owner of the fee simple title to the tract of land involved, in 1884, conveyed title to the land to his daughter. In the recorded deed of conveyance, the grantor provided that a lien was retained by him "until his death". No statement of the nature or purpose of the lien was recited in the deed. In 1887, the daughter conveyed by recorded deed the mineral interests in the land to a party through whom, and his successors in interest, the title to the mineral rights eventually became vested in appellees.

The district court held, and we think correctly, that the retention of a lien until the original grantor's death did not prevent the passing of title, but merely gave the grantor the right to foreclose in the event that the undisclosed "matter for which the lien was retained is not satisfied." No action to enforce a lien of any sort was taken by the original grantor, whose death occurred some seven and a half years after he had executed the deed in controversy.

We think the decision of the district judge is supported by the following Kentucky authorities, among others: Stephens, Adm'x v. Union Central Life Insurance Company, 226 Ky. 233, 10 S.W.2d 833; Ringo v. McFarland, 232 Ky. 622, 24 S.W.2d 265; and Smith v. Berry, 167 Ky. 646, 181 S.W. 379. See also section 382.070 of Kentucky Revised Statutes.

Other points made in the argument of appellant's attorney have no merit and, accordingly, need not be discussed.

Upon the basis of its findings of fact, which are supported by substantial evidence, and its conclusions of law which are certainly not clearly erroneous, the judgment of the district court is affirmed; and it is so ordered.