Lewis MAY et al., Appellants,

v.

FINANCE & REALTY COMPANY, Inc., Appellee.

Court of Appeals of Kentucky.

Feb. 27, 1970.

James F. Clay, Jr., Clay & Clay, Danville, for appellants.

C. Samuel Whitehead, Lexington, for appellee.

DAVIS, Commissioner.

This is an appeal from a summary judgment denying the claim of appellants for a personal judgment against appellee and a lien on certain real estate owned by appellee. The appellants contend that the court erred in granting summary judgment because genuine issues as to material facts appear in the record.

On June 17, 1964, the appellants, to whom we shall refer simply as May, conveyed a building lot in Boyle County to J. M. Lane and his wife, to whom we shall refer as Lane. Lane executed and delivered to May a promissory note for $3600 representing the entire purchase price of the lot. The deed from May to Lane made no reference to any unpaid consideration, nor was any lien retained in it.

In August 1964 Lane borrowed $16,000 from appellee, to whom we shall refer as Finance. A mortgage to secure the debt was executed by Lane to Finance and duly recorded. Lane, a building contractor, experienced financial difficulties which culminated in his entering into a contract with Finance on May 6, 1965, by the terms of which Finance agreed to lend Lane an additional sum sufficient to complete con-

struction of a house on the lot purchased from May, as well as another house on another lot. Lane agreed to execute to Finance a second mortgage on both lots for $10,700. The agreement provided that if Lane had not sold the real estate by August 10, 1965, the due date of the second mortgage loan, Finance had the option to (a) demand from Lane a deed conveying the mortgaged property for the total indebtedness or (b) cause a sale at auction of the mortgaged property. In numerical paragraph 5 of the agreement between Finance and Lane, it was provided in pertinent part:

"* * * but if said options are exercised and [Lane] execute[s] the above said general warranty deeds then [Finance] shall fully and finally release [Lane] from all obligations represented by mortgages, promissory notes, or other evidence of debt surrounding subject real property and hold [Lane] free and clear and harmless against same thereafter."

Lane did not satisfy the second mortgage by its due date, but in September 1965, in compliance with the option agreement, conveyed the property to Finance by a general-warranty deed reciting cash consideration and making no reference to any lien.

May sued Lane alleging nonpayment of the note of $3600 and praying that the conveyance to Lane be set aside or, alternatively, for judgment of $3600 with appropriate interest against Lane "to be secured by a lien upon the" lot which May had conveyed to Lane.

By an amended complaint, May made Finance a party to the action and alleged that at the time Finance accepted the $16,000 mortgage on August 20, 1964, it had actual knowledge that Lane had not paid the consideration due May for the lot. The amended complaint does not allege that Finance knew the amount of the unpaid consideration, but contains a prayer for a lien on the lot superior to the claim of Finance.

By a second amended complaint, May alleged that before the conveyance by Lane to Finance was made Finance contracted to pay the purchase price due to May and that the contract was made for the benefit of May. It was also alleged that before Finance accepted a deed from Lane it sought from May a waiver of payment of the consideration due May, and this circumstance was alleged as the basis for estoppel against Finance to deny liability to May for the purchase price of the lot. The second amended complaint, in addition to seeking a first lien on the property, sought personal judgment against Finance for the unpaid purchase price of $3600 with interest.

The trial court rendered summary judgment in favor of Finance as to the claims of May against it. The judgment was made final pursuant to CR 54.02.

The trial judge, in an informal opinion (letter directed to opposing counsel), indicated his reliance upon the authority of Stephens' Adm'x v. Union Central Life Insurance Company, 226 Ky. 233, 10 S.W.2d 833, as respects the claim for lien by May. That decision deals with the effect of KRS 382.070 which provides:

"When any real property is conveyed, and any part of the consideration remains unpaid, the grantor shall not have a lien for the unpaid consideration against bona fide creditors and purchasers unless the deed states what part of the consideration remains unpaid."

In Stephens the consideration, as recited in the deed, was "the sum of one dollar and other considerations of value, the receipt of which is hereby acknowledged." Just following the description of the land conveyed, the deed recited: "A lien is retained to secure payment of the unpaid purchase money." Contrary to the recitation in the

deed, the grantee had not paid the consideration but owed eight notes representing it. The grantee borrowed from the insurance company but mortgaged a separate tract of land to secure the debt. On default of that obligation, the insurance company foreclosed its mortgage, but a sale of the property failed to produce enough to pay the debt. The company then levied execution on the real estate which had been conveyed to the grantee by the deed from which we have recited the statements of consideration and retention of lien. The representative of the original grantor sued on the unpaid purchase-money notes, asserting a lien superior to the execution lien of the insurance company. This court affirmed a judgment for the insurance company predicated upon the application of Section 2358, Kentucky Statutes, which is now KRS 382.070. The court rejected the argument that the creditor was put on inquiry by the deed's recitation of retention of lien to secure payment of the unpaid purchase money, noting that the deed also recited that the entire consideration had been paid. The court said further that the question of notice had no significance in face of the statute's plain requirement that the deed state what part of the purchase price remains unpaid. Several earlier decisions construing the statute were cited and discussed by the court in Stephens. We will not reiterate them here, except to point out that Chapman v. Stockwell, 18 B.Mon. 650, is quoted with approval for its statement:

"The effect of the statute then is, that there is no lien where the grantor has executed a deed of conveyance, unless it be expressly stated in the deed what part of the purchase money remains unpaid, and consequently that actual notice, in such a case, to a subsequent purchaser, that part of the purchase money due to the original vendor remains unpaid, will not affect his title to the land. The original vendor, by executing a deed, without stating therein that the purchase money remains unpaid, thereby waives his lien, and cannot revive it by giving notice that part of the purchase money is still unpaid, for which he claims a lien upon the land." Id. 10 S.W.2d 834.

The appellant contends that Stephens failed to recognize the implied statutory exception relating to *non*-bona-fide creditors or purchasers and cites several cases in which he contends that the Stephens' rule was ignored. The decisions relied on by appellant include Moore v. Bates, Ky., 332 S.W.2d 636, in which the deed specifically recited the consideration as being $300 cash plus nine notes of $300, each maturing from one to nine years after date. We do not regard that decision as denigrating the rationale of Stephens. Gabbard v. Truett, Ky., 248 S.W.2d 711, involved a deed in which a lien was specifically retained and which recited in part that the grantee was to furnish certain services to the grantor for life. The rationale of that decision upholding the lien appears to be that the recitation of the unpaid consideration was sufficient in view of the impossibility of assigning a specific monetary value to the remaining obligation of the grantee. Additionally, appellant cites Miller v. Wilson, 253 Ky. 266, 69 S.W. 2d 385; Haven v. Wallace, 290 Ky. 314, 160 S.W.2d 619; and Sparkman v. Triplett, 292 Ky. 569, 167 S.W.2d 323, as examples of cases refusing to follow the rule laid down in Stephens' Adm'x v. Union Central Life Insurance Company, 226 Ky. 233, 10 S.W.2d 833.

Without detailing an analysis of those decisions, it suffices to observe that we do not consider that any of them may be regarded as a departure from the basic principles enunciated in Stephens. Each of them contains distinguishing factors which may be seen from examination of the opinions. It is noteworthy that Uppington v. Cooper, 279 Ky. 305, 130 S.W.2d 733, cited with approval in Sparkman v. Triplett, supra, specifically approved the doctrine of Stephens and upheld a lien for $100 of the unpaid consideration because

**158**

that sum was recited in the deed, but denied a lien for another unpaid $100 of consideration because the nonpayment of that sum was not recited in the deed. It is our conclusion that May had no lien because of failure to comply with the prerequisites of KRS 382.070 in the matter of establishing such a lien, and the trial court was correct in so ruling.

May predicates his contention that Finance agreed to pay Lane's debt to him upon the language which we have quoted contained in numerical paragraph 5 of the agreement between Lane and Finance. It seems abundantly plain that nothing in that instrument can reasonably be regarded as intending Finance's undertaking any obligation to pay Lane's debt to May. Finance agreed to "release" Lane's obligations. Manifestly, Finance had no authority to "release" Lane from any indebtedness he owed May. It would be a strained construction to read into that contract any beneficial intendment toward May. Hence, there was no genuine issue of fact on this phase of the controversy.

Finally, May asserts that a genuine issue of fact existed as to whether Finance is estopped from denying May's lien claim. This is based on the allegation, accepted as true in testing the motion for summary judgment, that Finance requested May to waive his claim for payment of the purchase money in favor of Finance's lien. There is no intimation of any forbearance or change of position by May attributable to this incident. At most, it indicates an unsuccessful effort by Finance to shore up its own legal position when, in fact, there was no necessity for such shoring up.

It is significant that Lane, who has participated in the litigation and sought to sustain the position of May, is not a party to this appeal. Whether Lane has any claim against Finance by way of estoppel or otherwise is not presented or passed upon in this appeal.

*The judgment is affirmed.*

All concur.