CHIEF JUSTICE LIB US AY
delivered the opinion oe the court.
• Mueller, by his deed to Kniper and Nadorfíj conveyed the real estate, and evidenced the fact of a sale to them of the personal property therein described.
The recital of the amount of unpaid purchase-money secured and preserved a vendor’s lien as to the realty, and the recording of the conveyance was, under the statute, notice to the world, so far as that lien was concerned. But as to the personalty, the conveyance or deed was a mere bill of sale, which is neither authorized nor required to be put to record. As between the vendor and ■ the vendees, the lien retained on the personal property is good. But to affect purchasers or creditors it was necessary to bring home to them actual knowledge of its existence. The fact that the conveyance in which this bill of sale was incorporated was put to record does not affect the rights of Engeln, the subsequent mortgagee.
Before the holder of a lien upon personalty can affect a purchaser for value, or a creditor with implied notice of his lien, he must show that he had a mortgage or deed of trust which had been acknowledged or proved according to law and lodged for record anterior to the time of the purchase or the creation of the creditor’s claim.
The recording of a bill of sale of personalty, or the recording of a conveyance of realty in which a bill of sale has been incorporated will not, as we have already seen, affect the purchaser or creditor with implied notice of the lien.
But Mueller insists that Engeln had actual notice of his contract for the lien. There is no direct proof of such notice. The mortgage to Engeln, which embraces the realty as well as the personalty sold by Mueller to Kniper and Nadorff, refers to the deed of Mueller, and describes the realty as the same lots *444 that were conveyed by Mueller by deed of February 2, 1874, recorded, etc.
A vendee must take notice of the contents of a deed referred to in the conveyance under which he holds. But this rule does not require him to take notice of a fact exhibited in the deed which is wholly foreign to the subject of the reference. So far as the deed of Mueller shows the character of the title to the lots, Engeln is bound by its contents; but as it was not referred to or mentioned in connection with the personalty, and as Engeln had the right to rely on the possession of the mortgagors as sufficient evidence of their title, the law will not imply notice upon his part of the contract lien of Mueller, evidenced, as it is, by a conveyance which he had the right to suppose related exclusively tó real estate.
We can not assume as a matter of fact that Engeln read the deed from Mueller merely because it is accurately described in the mortgage under which he claims. If he had been of sound mind during the preparation of this cause, and had failed to testify on this subject, the chancellor might have been warranted, in view of that fact, in acting upon doubtful and shadowy presumptions; but under the circumstances of this case he properly declined to presume the existence of a fact susceptible of direct and satisfactory proof.
The intimacy existing between Engeln and the mortgagors, and his general knowledge of their business, and of the fact that they purchased from Mueller, do not tend to prove knowledge upon his part of appellant’s lien. In the answer and cross-petition of appellant he describes the property adjudged to be sold as personalty, and the proof in the case is not such as to require us to hold, contrary to his opinion, that it is in the nature of fixtures to real estate because used in the manufacture of beer at the brewery situated upon the lots covered by his vendor’s lien.
Judgment affirmed.