CASE 48.—ACTION FOR PARTITION BETWEEN JOSEPH S.
WEBSTER AND OTHERS REMAINDERMAN,
WHEREIN GEORGE CADWALLADER INTER-
VENED.—April 23, 1909 .

## Webster v. Cadwallader, &c.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

From the judgment the remaindermen appealed.—
Reversed.

1. Mortgages—Equitable Mortgages—Agreements to Support
   Third Persons.—A covenant in a deed charging the grantee
   with the support of a person named as a part of the considera-
   tion for the deed creates a lien on the land for such support.
2. Mortgages—Equitable Mortgage—Agreement to Support Third
   person.—Under a covenant in a deed that, as a part of the
   consideration therefor, the grantee will furnish support for a
   person named "in the event that from disease or other cause
   he should become unable to support himself," the obligation
   to furnish such support does not exist and become a lien on
   the premises conveyed until the support is asked for.
3. Appeal and Error—Review—Report of Commissioner—Effect
   of Confirmation.—A decree on the report of the commissioner
   may be modified on review, though there were no exceptions
   filed to the report before confirmation.
4. Partition—Decree—Receiver—Enforcement of Charge for Sup-
   port.—Where, in an action for partition, an intervening peti-
   tion was filed to enforce petitioner's right to support out of the
   land, the court properly by its decree appointed a receiver to
   rent the land and to pay out of the rent taxes and other pre-
   ferred claims, and then, after providing for petitioner's sup-
   port, to pay the remainder to the other parties interested, with
   the alternative that the land might be sold and the proceeds
   divided among the parties in interest after making provision
   for the support of petitioner.

R. S. CRAWFORD and GEO. DENNY for appellant.

### LIST OF AUTHORITIES.

76 Va. 517; Keffer v. Grayson; 79 Va. 70, Holsey v. Peters' Exec-
utors; 74 Ala. 395, Roney v. Moss; 77 Mich. 369, Grummett v. Gin-
grass; 70 Ala. 276, Lewis v. Montgomery Bldg. & Loan Ass'n; 94
Mo. 637-644; 91 Mo. 161; 82 Va. 371; 71 Ga. 808; 62 Mich. 15; 44

Webster v. Cadwallader, &c.

Ill. 97; 105 Ill. 568; 110 Ill. 142; 114 Ill. 302-306; 83 Ala. 495, "Iron Age" Pub. Co. v. Western Union Telegraph Co.; 91 Mo. 287; 40 N. J. Equity 429 31 S. C. 605; 85 Ala. 449; 73 Cal. 415; 84 Ky. 672; 136 U. S. 393; 5 Dec. N. & G. 880; 1st Dill. 120; 10 Wall, 339-358; 1st Wool. W. 26; 11 Awy. 33; 32 S. C. 201; 119 Md. 301, Lindsay v. Glass; 106 Ind. 483, Ikard v. Beavers; 46 N. J. Equity 492-296; 113 N. Y. 303; 49 N. Y. 362; 76 Wis. 662; 116 U. S. 33; 83 Ky. 367; 11 Miss. 490, Patterson v. Edwards; 29 Miss, 67, Arlin v. Brown; 44 N. H. 104, Hiscock v. Norton; 42 Mich. 320, Peters v. Tunnell; 43 Minn. 473, Crimm v. Holsbury; 42 W. Va. 667, Harris v. Haney; 37 Ark. 348, Parrish v. Hastings; 102 Ala. 414; 5th Bush 646; 6th Bush 129; 86 Ky. 142; 86 Ky. 146; 93 Ky. 331, Fire v. Oontz; 93 Ky. 390, Jones v. Tye.

GEORGE B. KINKEAD for appellees.

## AUTHORITIES CITED.

Wilson's Adm'r v. Davis, 1 Marshall 220; Keltner v. Keltner, 6 B. Mon. 40; Gallion's Adm'r v. Moberly, &c., 9 Ky. Law Rep. 149; Bevins, &c. v. Keen, 23 Ky. Law Rep. 757; Am. & Eng. Dec. in Equity, pages 149 to 310 (Vol. 7); 7 Am. and Eng. Dec., page 208; Keith v. Wolfe, 5 Bush 646; Ky. Statutes, Sec. 2358; Maupin v. McCormick, 2 Bush, 208.

OPINION OF THE COURT BY JUDGE NUNN.—Reversed.

It appears that Geo. Cadwallader and his wife, Mary, were the owners for several years prior to 1883 of five small tracts of land, all adjoining, amounting to about 130 acres, and were situated about four miles from Lexington, Ky. His wife owned most of the land. He possibly owned one of the tracts in fee and a life estate in one or two of the others. His wife, with his consent, executed a will whereby she devised the whole of the land to Sarah J. Campbell. After the death of his wife, to make the title perfect, he executed a conveyance to Sarah J. Campbell. On July 13, 1883, Sarah J. Campbell conveyed all of this land to Charles A. Finnell and Sarah Elizabeth Finnell, his wife. One consideration named was "love and affection," and the additional ones were as follows: "And upon the valuable considera-

tion moving from the said Sarah J. Campbell unto them and hereinafter set out, promise and agree and do hereby promise and agree to and with her to provide for her and to furnish to her a home for and during her life at the residence now occupied by her, and hereinafter described, and further to provide her with a maidservant, during her life, of such character and qualification as may be suitable for her and agreeable to her, and to supply, furnish and provide said Sarah J. Campbell and said maidservant with suitable, proper and convenient diet, lodging, washing, fuel and other necessaries of all sorts, and also to keep and take care of the phaeton and such pony or horse as the party of the first part may at any time have, of which said phaeton and pony or horse she is to have the exclusive use and control. And the said parties of the second part have further promised and agreed, and do hereby promise and agree to and with the said party of the first part to provide and furnish with necessaries of life George Cadwallader now of the city of Lexington, and State of Kentucky, in the event that from disease or other cause he should become an invalid and unable to provide for himself, and the said Charles A. Finnell has further agreed and promised, and does hereby agree and promise, to and with the said Sarah J. Campbell, to assume and pay off and discharge the mortgage debt, with the interest due or to become due thereon, now held by one Cassandra Inskeep, on the property hereby conveyed." In the habendum clause of the deed there is the following recital, to wit: "That they (meaning the Finnells) their heirs, executors, administrators and assigns shall and will faithfully and truly perform and exe-

cute the covenants and agreements aforesaid." So far as appears from the record, the Finnells executed all the covenants and agreements contained in the deed, except the one referring to appellee Cadwallader. On the 3d day of November, 1887, the Finnells sold and conveyed the lands referred to, to one L. G. Webster for the price of $7,500, $7,000 of which was paid by him at the time. L. G. Webster made a gift of this land to Zinamon Webster and several other parties named in the deed. The gift was to Zinamon for life and to the others in fee. The note for $500, that part of the purchase price remaining unpaid, was executed by Zinamon Webster. He having died, this action was instituted in the month of February, 1904, by the remaindermen then alive, and the children and descendants of those who had died before Zinamon Webster for the purpose of having the land sold and the purchase money divided among those interested, as the land could not be divided among them without materially impairing its value. A sale was ordered, and one W. R. Stone became the purchaser, paying therefor about $5,000. Stone filed exceptions to the report of sale, because, among other reasons, George Cadwallader was not made a party to the action, which he stated should have been done because the land was charged with the support of Cadwallader for the rest of his life. The court sustained the exceptions and set the sale aside.

On February 13, 1905, George Cadwallader filed an intervening pleading in the action and asked to be made a party defendant. He alleged that, by reason of his incapacity to labor, he was entitled to support from the land described by virtue of the pro-

visions of the deed from Sarah J. Campbell to the Finnells; that he was 65 years old; that he was uneducated and had no capacity to earn a living by mental efforts; that by reason of his age, and the hardships he had theretofore endured, he was utterly incapacitated to do physical labor, and incapable of providing and furnishing himself with the necessaries of life; that he was without means, and had never received anything in the way of support or otherwise from the parties holding the land. There were several answers filed by the parties in interest controverting the allegations of his pleading. The court referred the matter to a master commissioner to take proof and report with reference to the physical and mental condition of George Cadwallader; to ascertain whether he was incapable of making anything for his support; what means he had, if any, and the amount which would be necessary to support him. The commissioner took the proof and reported that he was not capable of supporting himself; that he was without means; that he was entitled to $450 a year for support, beginning with the 1st of January, 1903. The court confirmed this report; no exceptions having been filed. A short time after this appellants appeared and asked that the order of confirmation be set aside, and they be allowed to file exceptions to the report. The court overruled their motion and rendered judgment in behalf of Geo. Cadwallader in conformity with the commissioner's report, and appointed the Lexington Bank & Trust Company receiver to take charge of the lands and rent them out, pay the taxes and other preferred claims, and pay Geo. Cadwallader $450 a year for his support, beginning with the 1st day of January,

1903. From this· judgment, this appeal is prosecuted.

Appellants contend that the provisions in the deed charging a support upon the land for the benefit of Geo. Cadwallader was only a personal obligation upon the part of the Finnells to furnish this support; that it did not create a lien upon the land for that purpose. We are of a different opinion. The provision for the support of Cadwallader was a part of the consideration for the conveyance. The deed represented a deferred payment for the purchase of the land. This court, in construing a deed in the case of Keltner v. Keltner, 6 B. Mon. 40, said: "The stipulation for support constitutes but a part of the consideration for the deed." In the case of Gallion's Adm'r v. Moberly, etc., 9 Ky. Law Rep. 149, the same principle was recognized. That the consideration for maintenance and support can be maintained as a lien on land, see, also, the case of Bevins v. Keen (Ky.) 64 S. W. 428, 24 R. 757. Section 2358, Ky. St., provides: "When any real estate shall be conveyed, and the consideration, or any part thereof, remains unpaid, the grantor shall not have a lien for the same against bona fide creditors or purchasers, unless it is stated in the deed what part of the consideration remains unpaid." The converse of this section is necessarily true; that is, when the consideration is shown in the conveyance not to have been paid, a lien exists for its payment.

We are of opinion, however, that the court erred in rendering judgment for too great a sum for the support of appellee and in beginning this support back in January, 1903. So far as this record shows, he had lived without creating any debts until

he filed his petition in February, 1905, and his allowance should have been from that date. The provision in the deed from Campbell to the Finnells was not for the purpose of making a charge upon the land to reimburse appellee for cost incurred in his support. It was intended to help him live when he became an invalid. Therefore the court ought not to have given him aid out of appellants' lands before he asked it. The proof shows that Cadwallader has a second wife, who is about 56 years old; that they keep and have been keeping a boarding house for many years, during the summer months in the town of Latonia, Ky.; that they have been able to live from the proceeds of this. He has not been sick, but has had slight trouble with his kidneys. He is able to move about and do the marketing for his wife. His greatest trouble is weakness from age. Our opinion is that the charge as fixed by the lower court is too great; that $250 a year, beginning at the time he filed his pleading, would be amply sufficient to support him in the manner contemplated by the provisions of the deed referred to. Appellees say, however, that we can not give appellants relief in this respect for the reason that there were no exceptions filed to the report of the commissioner; that it was confirmed, and is therefore binding upon them.. In the case of Adkisson v. Dent, etc., 88 Ky. 628, 11 S.W. 950, 11 R. 85, this court, in speaking upon the subject of the confirmation of a commissioner's report, said: ''The order of confirmation should be, as it is, merely interlocutory, and subject to the chancellor's revision and correction until the final judgment is rendered in the case.'' This rule should be followed, especially in this case where the rights and interests of many infants are involved.

The court did not err in appointing a receiver to take charge of the property and rent it out, and in ordering to be paid out of the rent proceeds the taxes, other preferred claims, and the allowance to Cadwallader, and the remainder to the persons owning the land. The court may, however, if the parties desire, sell the land; but, before the proceeds are divided among the parties in interest, provisions for the support of appellee must be made.

For these reasons, the judgment of the lower court is reversed, and remanded for further proceedings consistent herewith.