## Virginia Iron, Coal & Coke Co. v. Combs.

(Decided December 12, 1919.)

### Appeal from Perry Circuit Court.

1. Deeds—When Valid, Though Not Acknowledged or Properly Recordable.—A deed duly signed and delivered by the grantors, even though not acknowledged or properly recordable, is valid not only as between the parties, but as to all those having notice of it.

2. Vendor and Purchaser—Notice—Recitals of Deeds.—A vendee is not only bound by the recitals of his own deed, but must take notice of the contents of prior deeds therein referred to.

3. Vendor and Purchaser—Notice—Recitals of Deeds—Estoppel.—A vendee is in such privity with his vendor that recitals in a deed of record constituting a link in a chain of title that will amount to an estoppel against his vendor will be available as an estoppel against the vendee.

4. Vendor and Purchaser—Notice—Recitals of Deeds—Estoppel.—A. C. owned a tract of land in P. county. On the records of that county is a deed from A. C. and wife to F. C. The deed was not acknowledged and was therefore not properly recordable. In 1887, F. C. by deed of record conveyed the minerals to a trustee who conveyed to defendant. Several years later, A. C. and wife and F. C. conveyed the land to J. C., a son of F C., by deed containing the following recital: "This deed is executed in lieu of a deed made to F. C. on August 16, 1885, and which deed was not properly certified and recorded:" Held, that the recital was an admission that the prior deed had been executed by A. C. and wife to F. C. and was therefore sufficient to estop not only the grantors, but J. C., the grantee, from asserting the contrary, that J. C. was charged with notice of the prior deed to his father, F. C., and also of the deed from his father to the trustee which was of record, and having acquired title after the minerals had been conveyed he took title by his own deed to the surface only.

5. Deeds—Property Conveyed—Sufficiency of Description.—In a deed of conveyance the description was as follows: "All the coals, metals, oils, gases and mineral products lying, being upon and under our lands in the county of Perry, State of Kentucky, and described as follows, viz.: On the waters of Lot's Creek and Carr's Fork, adjoining the lands of Sam Napier and Clinton Combs, 212 acres being patented in my own name, etc., 300 bought from A. C. Combs, being 512 acres": Held, that the description was sufficiently definite to pass title.

6. Champerty—Possession by Father and Son.—Where father and son occupied the land together and there was nothing to show that the son's possession was hostile to his father, the deed made by the father was not champertous.

7. Evidence—Proof of Title—Best and Secondary Evidence—Waiver of Right to Object to Secondary Evidence.—A witness testified that the prior owner had conveyed the minerals underlying a tract of land to defendant. There was no specific objection to the evidence on the ground that the record was the best evidence. On the contrary, the witness offered to produce a certified copy of the deed if counsel for plaintiff desired it. There was no request or demand for the deed: Held, that plaintiff waived his right to object to the evidence on the ground that the record was not introduced and could not thereafter insist that defendant failed to show title.

WOOTTON & MORGAN, D. L. HULL, JR., and L. A. NUCKOLS for appellant.

EVERSOLE & TURNER and C. W. NAPIER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Jackson Combs brought this suit against the Virginia Iron, Coal & Coke Company to quiet his title to the minerals underlying a tract of land in Perry county. Defendant denied plaintiff's title and pleaded title in itself. On final hearing plaintiff was granted the relief prayed for and defendant appeals.

Prior to the year 1885, A. C. Combs, who was known as Austin Combs, owned a tract of land on Darb's fork of Lot's creek in Perry county, containing about 300 acres. On page 36, deed book F, in the Perry county clerk's office, appears a deed dated August 16th, purporting to have been executed by Austin Combs and Belle Combs, his wife, to Fielden Combs, the father of Jackson Combs. The consideration was $200.00, $115.00 of which was in hand paid, and the remainder secured by note of even date. The deed appears between two deeds, which were recorded in the year 1885. On July 19, 1887, Fielden Combs and his wife, Arminta Combs, conveyed to T. P. Trigg, trustee, all of the coal, oils and gas, and other minerals underlying the land bought by Fielden from Austin Combs. Afterwards, the Virginia Iron, Coal & Coke Company acquired the title of Trigg, trustee.

On August 12, 1901, Austin Combs and wife, Belle Combs, and Fielden Combs, "for a consideration of the sum of $200.00 paid to first party by Fielden Combs on the 16th day of August, 1885, and shortly thereafter," executed a deed to Jackson Combs and Alonzo Combs, conveying the same tract of land which was conveyed to Fielden Combs by Austin Combs and wife. In the habendum clause is the following: "This deed is executed in lieu of a deed made to Fielden Combs on August 16, 1885, and which deed was not properly certified and recorded."

It is well settled that a deed duly signed and delivered by the grantors, even though not acknowledged or properly recordable, is valid not only as between the parties, but as to all those having notice of it. Ferrell v. Childress, 172 Ky. 760, 189 S. W. 1149; Bowling v. Bowling, 172 Ky. 32, 188 S. W. 1070. It is likewise the law that a vendee is not only bound by the recitals of his own deed, but must take notice of the contents of prior deeds therein referred to; and that a vendee is in such privity with his vendor that recitals in a deed of record,

constituting a link in a chain of title that will amount to an estoppel against his vendor, will be available as an estoppel against the vendee. Mueller v. Engelis, 12 Bush 441; Krouth v. Hahn, 65 S. W. 18; Delvin on Deeds, vol. 2, sec. 718. Here the deed under which Jackson Combs acquired title recited that it was executed in lieu of a deed made to Fielden Combs on August 16, 1885, which was not properly certified and recorded. There can be no doubt that the deed therein referred to is the deed of August 16th, which appears upon records of Perry county. The latter deed was made to Fielden Combs. It was made by the grantors, Austin Combs and wife. The same consideration is recited in each conveyance. The descriptions of the land conveyed are almost identical. Moreover, the deed of August 16, 1885, to Fielden Combs was not properly certified and recorded. Furthermore, the foregoing recital in the deed to Jackson Combs contains an express admission that the deed of August 16, 1885, had been made to Fielden Combs, and is sufficient not only to estop the grantors but the grantees from asserting the contrary. Under these circumstances, Jackson Combs was charged with notice that Austin Combs and wife had made a prior deed conveying the land to Fielden Combs. Not only so, but the deed to Trigg, trustee, being of record, he was charged with notice of the fact that Fielden Combs, his own grantor, had conveyed the minerals to Trigg, trustee, provided the description in the deed was sufficiently definite to pass title and the deed was not champertous.

The authorities agree that great liberality is allowed in the matter of description, and that terms and phraseology of the description will be interpreted with the view of upholding the deed if this can reasonably be done. 8 R. C. L., sec. 126, p. 1071. In such cases, we apply the maxim, *Id certum est, quod reddi certum potest.*" The test in every case in whether the land can be located from the description. Bearing this rule in mind, let us examine the description which is as follows: "All the coals, metals, oils, gases, and mineral products lying, being upon and under our lands in the county of Perry, state of Kentucky, and described as follows, viz.: On the waters of Lot's creek and Carr's fork, adjoining the lands of Sam Napier and Clinton Combs, 212 acres being patented in my own name, etc., 300 bought from

A. C. Combs, being 512 acres.'' The tract in controversy is the 300 acres bought of A. C. Combs. The distinguishing features of the description are as follows: (1) ''Our lands in Perry county;'' (2) ''On the waters of Lot's creek and Carr's fork;'' (3) ''Adjoining the lands of Sam Napier and Clinton Combs;'' (4) ''300 bought from A. C. Combs.'' We find from the evidence that the land in controversy is in Perry county. It is located on Darb's fork, a tributary of Lot's creek. It adjoins the lands of Sam Napier. It was bought of A. C. Combs and contains by actual survey 283 81/100 acres. It is therefore clear that the description contains all the elements necessary to identify the land, and is therefore sufficient.

The claim that the deed from Fielden Combs to Trigg, trustee, conveying the minerals was champertous, cannot be sustained. Jackson Combs lived on the land with his father, who made the deed to Trigg, trustee, and there is nothing in the record to justify the conclusion that Jackson Combs' possession was then hostile to his father.

Since plaintiff purchased the land with notice that the title had theretofore been conveyed to Fielden Combs and that Fielden Combs had conveyed the minerals to Trigg, trustee, it necessarily follows that plaintiff by virtue of the deed of August 12, 1901, from Austin Combs and wife and Fielden Combs, acquired title to the surface only.

Another contention is that the defendant failed to show by competent evidence that Trigg, trustee, had ever conveyed the minerals to defendant. While it is true that a certified copy of the deed from Trigg, trustee, to the defendant was not introduced, it appears that Jesse Morgan, a witness for defendant, testified that such a deed had been made. There was no specific objection to this evidence on the ground that the record was the best evidence. On the contrary, the witness offered to introduce a certified copy of the deed, if plaintiff's counsel desired, but no request or demand therefor was made. Under these circumstances, plaintiff waived his right to object to the evidence on the ground indicated, and cannot now insist that defendant did not show title by proper evidence.

It follows that plaintiff's petition should have been dismissed, and that defendant should have been granted the relief asked.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.