## Glennie Mitchell, et al. v. Union Central Life Insurance Company.

(Decided February 8, 1927.)

### Appeal from Ballard Circuit Court.

1. Guardian and Ward—Where Guardian Receives Wards' Money in Own Name and Purchases Land with it, Wards have Lien on Land Therefor.—Where a father qualifies as guardian of his children and receives children's money in his own name and uses it in payment for land, the wards have a lien on the land for the amount of the money.

2. Mortgages—Mortgagee is Not Affected by Latent Equities where he Exercises Reasonable Care to Discover Prior Liens and has Neither Actual nor Constructive Notice of Them.—Mortgagee need exercise only reasonable care to discover prior liens and mortgages and is not affected by latent equities of which he has no actual notice and which do not appear in some title paper so as to amount to constructive notice, whether the equities are founded in trust, fraud, or otherwise.

3. Mortgages—Constructive Notice Afforded by Public Records is Binding on Mortgagee.—Mortgagee must take knowledge of the constructive notice afforded by public records.

4. Mortgages—Ward's Lien on Land for Their Money Used by Guardian Held Subject to Mortgage Taken Without Knowledge or Opportunity for Knowledge of Lien.—Where mortgagee loaned its money on lands of mortgagor without knowledge or opportunity for knowledge of claim of mortgagor's children against mortgagor as their guardian for money belonging to them and used by him on the land, held, that mortgage was not subject to lien of mortgagor's children.

ED. T. WASHBURN and J. B. WICKLIFFE for appellants.

D. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellants are the daughters of G. L. Mitchell. They inherited about $1,100.00 each from the estate of their grandfather in 1910. At that time they were infants and their father, G. L. Mitchell, was appointed as their guardian and qualified by taking the oath and executing bond. He owned a farm of about 80 acres in Ballard county upon which he and his family resided. Later he acquired other lands. To improve these lands he borrowed several thousand dollars from appellee, Union Central Life Insurance Company, securing the loan by mortgage upon all his lands. He also mortgaged his lands, or part of them, to banks in the vicinity of his home and to individuals, all of which mortgages were duly recorded.

This suit by the daughters was instituted against the father as guardian and against the insurance company, local banks and individuals named as defendants, to recover of the father, as guardian, the amount due the daughters and which it is alleged he had failed to pay over, and to have the sum thus found due from the guardian to his wards adjudged a prior and superior lien to the mortgage lien of the insurance company, banks and individuals named as defendants. The petition was amended two or three times while pending upon general demurrer. Finally the court entered an order overruling the demurrer of the Union Central Life Insurance Company to the petition as amended, but sustaining the demurrer of all the other defendants asserting lien upon the land. The insurance company denied that it had knowledge of the fact that Mitchell was the guardian of appellants, and had failed to settle his accounts as such with the county court, and denied that he had failed to pay his wards the money due them. It also pleaded that the time the appellee had made the loan of $6,500.00 to Mitchell upon the lands it knew that Mitchell had used the money of his wards for the purpose of paying off a mortgage on the lands, if he did do so, or for making improvements upon the lands, if he did so, as charged in the petition. With its answer it filed a photographic copy of Mitchell's application for loan and averred that there was no fact known to it or to its agents at the time of the making of the loan which would have put a cautious person upon inquiry as to other liens upon the lands or as

to any prior lien of appellants upon the lands by reason of the failure of the guardian to settle his accounts. After issue joined the parties took evidence and the cause was submitted, whereupon the court dismissed appellants' petition absolutely and adjudged the appellee entitled to recover its cost, and that is the judgment from which this appeal is prosecuted.

The evidence does not establish the cause alleged in the petition as amended. In fact, it does not show any bad faith on the part of the insurance company, or any of the defendants, nor does it show a failure of the insurance company to exercise reasonable care to discover prior liens upon the lands, if any existed, to the mortgage. Mitchell, the father and guardian of appellants, testified that he received money as guardian from the estate of appellants' grandfather for their use and benefit and that he used that money in paying off a $500.00 mortgage against the same land which is covered by mortgage to the insurance company, and in making improvements upon this land and other land, and had failed to pay over to his wards the amount due them, but it does not show that the insurance company knew anything about these funds, or that there was any fact known to the insurance company and its agents which should have put it and them upon inquiry. In brief of counsel for appellants it is asserted that where land is purchased by a guardian with money belonging to an infant, the infant has a superior lien upon the lands so purchased; or, if an infant holds a claim and this claim is exchanged by the guardian and is received as a part of the purchase price, the infant has a lien upon the land to the extent of his claim, and this lien is superior to any subsequent purchase or mortgage lien. This abstract statement of the law may be accepted as correct for the purpose of this case, but the facts do not support it and for that reason can have no application here. It is further said in the brief that where a father qualified as guardian of his children and receives their money in his own name, the wards have a lien on his land for the amount of their money used in payment therefor, and this, too, may be accepted as a correct statement of the law, without adjudging the lands described in the petition subject to a prior lien in favor of appellants. It is likewise true that a purchaser or mortgagee is not affected by any latent equity, whether founded on trust, fraud or otherwise, of

which it has no actual notice, and which does not appear in some deed or other title paper necessary, on the deduction of title, so as to amount to constructive notice. One is only required, in taking a deed or mortgage, to exercise reasonable care to discover prior liens and mortgages, and in the absence of constructive notice afforded by public records, of which he must take knowledge, he is free to purchase the property or become mortgagee and be given possession and defend against all claims of prior liens arising upon latent and obscure grounds, however meritorious. In the instant case the insurance company seems to have loaned its money on the lands of Mitchell without knowledge or opportunity for knowledge of appellants' claim against their father as guardian for money received by him for their use and benefit from the estate of their grandfather, and this being true the court correctly adjudged the equities of the case and dismissed the petition.

Judgment affirmed.