**WALLACE et al. v. TUBRE et ux.**

No. 2772.

Court of Civil Appeals of Texas. Beaumont.

June 13, 1935.

W. R. Blain, of Beaumont, for appellants.

Pipkin & Pipkin, of Beaumont, for appellees.

WALKER, Chief Justice.

F. L. Wallace died intestate on or about the 11th day of March, 1931, leaving as heirs of his estate his widow, appellant, Mrs. Nona Wallace, and four daughters, Joyce Evelyn Wallace, who died intestate and without issue, appellants, Mrs. Ruby Rivet, and Mrs. Mary Fountain, and appellee, Mrs. Gertrude Tubre; these three daughters were joined in this litigation with their husbands. At the time of his death, F. L. Wallace and his wife, appellant, Mrs. Nona Wallace, owned as their community homestead lot 8, block 20 of the Cartwright addition to the city of Beaumont. On the 20th day of March, 1931, appellants, by their general warranty deed, conveyed this property to appellee on the recited consideration of "Ten ($10.00) Dollars and other valuable considerations"; by its terms this deed conveyed the fee-simple title to the property to appellee without condition or limitation.

On July 18, 1934, appellants filed suit against appellee and her husband to recover the property as above described, and to cancel their deed to appellee on allegations that the true consideration for their deed to appellee was a contract whereby appellee and er husband would support Joyce Evelyn Wallace until she married, and support and furnish Mrs. Nona Wallace a home on this property as long as she lived. As an alternative ground of recovery, appellants plead as follows: "And pleading in the alternative, these plaintiffs say that if they are mistaken in their rights and should it be held that they are not entitled to recover the said property or the interests therein conveyed by said deed, that then and in that event, the said Nona Wallace is entitled to recover damages for the breach of said contract and agreement and for the failure on the part of the defendants herein to care for and support and provide for her wants as herein alleged. That the reasonable amount necessary for the care, support, and maintenance of the said Nona Wallace is $30.00 per

month and that she is now 60 years of age and has a reasonable expectancy of living for a period of fifteen (15) years, and that she is entitled to have judgment for the amount which is reasonably necessary for her support, care, and maintenance during said period of time." Appellees answered by general and special demurrers, general denial, a special denial of the contract as pleaded by appellants, a special plea that appellants' deed vested absolute title to the property in them, improvements made by them in good faith upon the property, the payment of large sums in back taxes against the property, the support of Joyce Evelyn Wallace until her death, and expenditures of her last sickness of about $750, and further, by way of cross-action against appellants, they prayed for the title and possession of the property.

The case was submitted to the jury upon the following special issues, answered as indicated:

"Special Issue Number One (1): Do you find from a preponderance of the evidence that there was a contract on the part of C. M. Tubre and his wife, defendants in this case, to support the plaintiff, Mrs. Nona Wallace during the balance of her life time?" Answer: "Yes."

"Special Issue Number Two (2): If you have answered Special Issue Number One (1) 'yes' then find from a preponderance of the evidence whether the contract contemplated that said support, if any, should be furnished on the property in this suit only?" Answer: "No."

"Special Issue Number Three (3): If you have answered Special Issue Number Two (2) 'no', then do you find from a preponderance of the evidence that the said C. M. Tubre and wife, defendants, have failed to furnish support to the said Nona Wallace to the present date?" Answer: "Yes."

"Special Issue Number Four (4): If you have answered Special Issue Number Three (3) 'yes', then do you find from a preponderance of the evidence that the failure to furnish such support by the defendants, was caused by the acts of the said Nona Wallace, plaintiff?" Answer: "Yes."

"Special Issue Number Five (5): What do you find from a preponderance of the evidence to be the life expectancy of the said Nona Wallace?" Answer: "13.21 years."

"Special Issue Number Six (6): What amount of money do you find from a preponderance of the evidence to be reasonably necessary to furnish support for the said Nona Wallace, per month?" Answer: "$20.00."

The evidence satisfactorily supports the answers of the jury to the special issues; the jury answered special issue No. 1 on the testimony of appellees, who admitted the contract as found by the jury. On the verdict of the jury, the court entered judgment against appellants that they take nothing by their suit against appellees, and that appellees "go hence without day"; and it was further adjudged that appellees "be, and they are hereby quieted in their title to said property and premises."

## Opinion.

On authority of Mayer v. Swift, 73 Tex. 367, 11 S. W. 378; Elliot v. Elliot, 50 Tex. Civ. App. 272, 109 S. W. 215, 1142; Webster v. Cadwallader, 133 Ky. 500, 118 S. W. 327, 134 Am. St. Rep. 470; Carney v. Carney, 138 Tenn. 647, 200 S. W. 517, cited by appellants, they concede that they were not entitled to recover title to the property against appellees, nor to have their deed to appellee canceled. The propositions before us complain of the court's refusal to enter judgment in their favor against appellees for damages for breach of the contract found by the jury in answer to special issue No. 1. In this connection, appellants contend that the answer of the jury to issues Nos. 5 and 6 form a satisfactory basis for calculating the amount of their damages.

█ On the verdict of the jury, appellants were not entitled to damages. They predicated their cause of action upon allegations of a contract whereby Mrs. Nona Wallace was to be furnished support "on the property involved in this suit only"; by the answer to issue No. 2 the jury found that this was not the contract.

Though the jury found by issue No. 3 that appellees "have failed to furnish support to said Nona Wallace to the present date," by the answer to issue No. 4 it was further found "that the failure to furnish said support * * * was caused by the acts of the said Nona Wallace." It requires no citation of authority to support the conclusion that, if Nona Wallace's conduct caused appellees to fail to furnish the support contemplated by the contract, then Nona Wallace was not entitled to damages.

█ The judgment, construed in the light of appellees' answer, is subject to the construction that it is a perpetual bar against

Mrs. Nona Wallace's claim for future support. In the future, should Mrs. Wallace be willing to accept support from appellees within the terms of the contract upon which she deeded them her home, this judgment should not be construed as a bar against that claim. In support of our conclusion that the judgment should not be construed as a perpetual bar against Mrs. Nona Wallace, we quote as follows from appellees' brief: "There is no dispute in the testimony that the appellees were at all times ready and willing, and are still ready and willing to perform their part of the contract."

On the construction we have given the judgment of the lower court, it is in all things affirmed.