### Inez Deposit Bank et al. v. Pinson et al.

Dec. 16, 1938.

KIRK & WELLS and W. R. McCOY for appellants.

J. L. HARRINGTON and C. F. PACE for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

On March 22, 1920, Nancy Pinson, a widow, who owned the surface of a 240 acre tract and some of the minerals therein and thereunder on Backlog creek in Martin county, conveyed to her son, M. C. Pinson, all of the land on the west side of the creek described as containing 100 acres more or less. The recited consideration being $1 and other valuable consideration and that the party of the second part should take care of the party of the first part and furnish room and board and other necessary care so as to keep the party of the first

part free from want. There was no provision or condition in the deed as to right of cancellation or rescission for failure of the grantee to provide support and care for the grantor as stipulated in the deed.

On March 16, 1921, Nancy Pinson conveyed to her son, M. C. Pinson, a tract of land described as:

"All that portion of a certain tract or parcel of land which the party of the first part now owns situated on Big Black Log fork, a tributary of Coldwater fork of Rockcastle Creek, which was conveyed to her by that certain deed of conveyance from Thomas Pinson and Alexander Blankenship by J. W. Hopson, Master Commissioner of the Martin Circuit Court which deed bears date of August, A. D. 1895, and of record in deed book (Commission) No. 1 at page 144, Clerk's office, Martin County Court.

"For description of the land herein conveyed reference is had to said deed and to a deed from herself to the said M. C. Pinson at a former date and also deed to Burger heirs; also deed to R. L. Pinson.

"It is the intention of the party of the first part to convey and she does hereby convey all the lands and rights she now owns in the tract of land described and first referred to herein."

It appears from the record that a controversy had arisen between the Pinsons and Burgers concerning the lands conveyed by Mrs. Pinson and possibly other lands and in settlement thereof a portion of the minerals had been conveyed to the Burgers.

In 1933 Nancy Pinson brought suit in the Martin Circuit Court against M. C. Pinson seeking to have the deed of March 22, 1920, cancelled and set aside on the ground that M. C. Pinson had failed to provide support and maintenance for her and therefore the consideration recited in the deed had failed. However, in the meantime, M. C. Pinson had executed a mortgage to the Inez Deposit Bank to secure an indebtedness which he owed it and which the bank claims covered all of the land owned by Nancy Pinson when she made the first deed to her son, M. C. Pinson; and also executed mortgages to Rush Cassiday and B. F. Richmond & Company and made deeds or leases of minerals in the lands.

All of these mortgages, deeds, leases, etc., were of record in the county court clerk's office of Martin county when Mrs. Pinson instituted her suit to set aside the deed to her son, but none of the mortgagees, lessees, etc., were made parties nor was lis pendens notice filed. M. C. Pinson interposed a demurrer to the petition of Nancy Pinson as amended, but took no further steps and in April 1934 a default judgment was entered granting to Nancy Pinson the relief sought.

On July 14, 1934, the Inez Deposit Bank instituted this action seeking to foreclose its mortgage liens against M. C. Pinson. Nancy Pinson, the other mortgagees, grantors, lessees, etc., hereinbefore referred to were made parties defendant and by appropriate pleadings set up their claims to the land. The answer of Nancy Pinson among other things alleged that she was the owner of the land on the west side of the creek which was conveyed by the deed to M. C. Pinson dated March 22, 1920, under the above mentioned judgment of the Martin circuit court in her action against M. C. Pinson to cancel that deed; and she pleaded that judgment in bar of plaintiff's right of action to enforce its mortgage lien. After a large volume of evidence was taken it was adjudged that the deed executed by Nancy Pinson to M. C. Pinson dated March 22, be cancelled, set aside and held for nought and Nancy Pinson was adjudged to be the owner of the tract of land covered by that deed and that the intervening petitions, etc., against her be dismissed. There was also an adjudication as to the rights of the parties other than Nancy Pinson to the land on the east side of the creek but with which we are not concerned. Plaintiff and some of the parties defendant other than Nancy and M. C. Pinson are appealing.

It is first contended by counsel for appellants that the second deed from Nancy Pinson to M. C. Pinson was intended to and in fact did cover the 240 acre tract including that conveyed by the first deed dated March 22, 1920. The description of the land conveyed by the second deed is not susceptible of the construction placed upon it by appellants and clearly does not bear out their contention. The grantor only conveyed that portion of the tract of land which she then owned and which was conveyed to her by the master commissioner of the Martin circuit court and in order to designate the land she then owned and attempted to convey she referred to

that deed and the deed from herself to M. C. Pinson. The deed she had formerly made to him was at the time in full force and effect and it is quite obvious that she recognized his ownership of it and only meant to convey what she owned of the 240 acre tract.

The Inez Deposit Bank and other appellants argue that they are not bound by the judgment cancelling the deed from Nancy Pinson to M. C. Pinson and pleaded by her in her answer because the plaintiff in that action had constructive notice at least of their claims and they were not made parties to the action. Counsel for appellees assert that the Inez Deposit Bank had actual knowledge of the action while it was pending. But without going into detail the evidence wholly fails to sustain that contention. Unquestionably the bank and other parties who had interest in or claims against the land as evidenced by properly recorded instruments were necessary parties to the action and having neither actual or constructive notice of the suit were not bound by the judgment. The chancellor seems to have recognized that this was true and disregarded the judgment pleaded by Nancy Pinson altogether and without reference to that judgment entered judgment cancelling and setting aside the deed. While the prayer of the answer of Nancy Pinson in this action is among other things for all relief to which she might be entitled, there is no specific allegation or prayer for that particular relief.

Nancy Pinson did not go into very great detail in her evidence, but she did say in effect that her son had contributed nothing to her support but there are other proven facts and circumstances that strongly indicate otherwise. Apparently she has had a home on the land when she desired to avail herself of it and there is evidence indicating that the provisions for the family were purchased and paid for by her son, M. C. Pinson, or his wife. So far as the record discloses she made no complaint from the time the deed was made until she brought her suit to set it aside about 13 years thereafter and after her son by mortgages, leases, etc., had disposed of practically all his rights and equities in the land and then without resistance he permitted a default judgment to be taken in a suit where persons having claims against the land of record were not made parties. The circumstances surrounding that litigation gives rise at least to a strong inference of collusion and

bad faith. As already indicated, there is nothing in the pleading of Nancy Pinson in this case to warrant the judgment cancelling the deed to her son, M. C. Pinson, unless it be under her general prayer for all relief to which she might appear entitled. Furthermore the evidence does not measure up to the clear and convincing character which this court has recognized in an unbroken line of opinions as necessary to warrant a decree setting aside a deed.

The obligation assumed by M. C. Pinson to support his mother as a part of the consideration for the conveyances was a continuing one. Under section 2358, Kentucky Statutes, Nancy Pinson unquestionably had a lien on the land to secure the unpaid or unperformed consideration. See Webster et al. v. Cadwallader, 133 Ky. 500, 118 S. W. 327, 134 Am. St. Rep. 470. The Webster Case clearly indicates that in the proven circumstances the court should have adjudged that Nancy Pinson had a lien on the land and was entitled to a home thereon and such income therefrom by way of rents, crops, mineral royalties, etc., as would provide for her necessary and reasonable comfort and support so long as she might live. See also Annotations Loar v. Poling, 107 W. Va. 280, 148 S. E. 114, 64 A. L. R. 1246. Any interest that any of appellants may have in the land was acquired subject to this lien of Nancy Pinson. We note that in some of the mortgages sought to be foreclosed the second deed from Nancy Pinson to M. C. Pinson is given as the source of title to the lands covered by the mortgage but as we have already indicated that deed did not cover the land in controversy here. On a return of the case the court should make proper provision for the maintenance and support of Nancy Pinson as hereinbefore indicated and should determine just what mortgages, leases, etc., cover the tract of land in controversy and the rights and priorities of mortgages, etc., subject to the lien of Nancy Pinson for support.

In closing it might be added that as between Nancy and M. C. Pinson he is precluded by the judgment in her suit for cancellation of the deed she made to him. However, that question has not been pressed.

Wherefore the judgment is reversed with directions to set it aside and enter judgment in conformity with this opinion.

Whole Court sitting.