## Haven v. Wallace.

## Same v. Richardson et al.

## Same v. Rogers.

March 10, 1942.

A. J. Bratcher for appellant.

Otto C. Martin for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing:

These three actions have been consolidated and we will dispose of them in this opinion.

In 1920 the appellant conveyed to his son, Blaine Haven, a tract of land in Butler County, Kentucky, con-

sisting of 275 acres. The deed recited a consideration of "parental love and affection," and further recited:

> "The said Blaine Haven is to further pay the said A. Haven (1/3) one third rent received from said land should he so demand it as long as he lives."

The deed also recited that Blaine Haven was not to mortgage the land, but notwithstanding this provision he did mortgage the land to secure certain indebtedness but no complaint was made by appellant concerning the mortgages. It appears that foreclosure proceedings were instituted on some of the mortgages and apparently in order to meet his obligations, in 1928 Blaine sold a certain portion of the land to appellee C. B. Richardson; and in 1929 he sold another part of it to appellee C. H. Rogers; and sold another part to O. E. Richardson in 1933; and sold another part to Wayne Richardson and John R. Wallace respectively in 1936.

In November, 1937, appellant, as plaintiff below, brought his separate actions against the appellees by which he sought to recover of them one-third of the rents of the lands they purchased from Blaine Haven, basing his actions upon that provision of the deed concerning rents. He claimed that he was entitled to have, during the pendency of the respective actions, a segregation of one-third of the rents and that the defendants be enjoined from selling, disposing of or commingling same with other products, in order that its identity may be preserved. He prayed judgment for one-third of the rents and products of the land and that he be declared to have a lien upon the land and its production and one-third of the rent, and that defendants be enjoined from commingling, selling or disposing of one-third of the products of the land; that defendants be mandatorily directed to set out and segregate an equal one-third of the amount of the said products, and that they be required to answer setting up the exact amount of the production of the land and the amounts due the plaintiff.

Appellee Wallace filed his answer and cross-petition in which he denied the material allegations of the petition, and alleged further that Blaine Haven has had absolute and complete control and possession of the land deeded to him by A. Haven in 1920, more than 17 years ago, and that during that time Blaine Haven had cultivated the land, rented portions of it, sold and conveyed

portions of it, all of which was done with the knowledge and consent of the plaintiff and without any protest or objections from him; that plaintiff had never at any time heretofore demanded of Blaine Haven any rent or attempted to collect any rent from Blaine Haven or any of the persons to whom he had rented portions of the land, or to the parties to whom he had sold or conveyed portions of it; that said deed conveyed the fee-simple title in and to the land to Blaine Haven and that he has occupied said land, claiming it and exercising rights of ownership over it. It is further alleged that in February, 1936, with the knowledge and consent of the plaintiff and without any objections or protest by him, Blaine Haven sold and conveyed under a general warranty deed 30 acres of the land to defendant John R. Wallace and Wallace cultivated said land in 1936 and that plaintiff did not demand or claim any rent from said land; and further, that Blaine Haven sold and conveyed a portion of the land to appellee C. H. Rogers more than two years ago, which conveyance was made with the knowledge, approval and consent of the plaintiff and that he never until the filing of these suits demanded any rent from Blaine Haven or the grantee Rogers. Also, that more than two years ago Blaine Haven sold a portion of the land to C. B. Richardson and O. E. Richardson (appellees) which sale and conveyance was made with the knowledge and consent of the plaintiff, and plaintiff has never demanded of either of them any rents or parts of the products raised on said land although they had cultivated it each year since their purchase of it; that Blaine Haven also sold a portion of the land to E. W. Jackson and plaintiff knew of this sale, which was made with his knowledge and consent, and that Jackson had cultivated crops and used said land as his own with the knowledge of plaintiff, but plaintiff had never demanded of Jackson the payment of any rents or parts of the crops.

Appellees Richardsons and Rogers filed their answers and counterclaims which were substantially the same as that of Wallace. They pleaded further, however, that the provisions in the deed concerning the payment of one-third of the rents received by Blaine Haven was personal as to Blaine Haven and only meant that so long as Blaine Haven owned the land he should pay the plaintiff one-third of the rent which he received from tenants to whom he had rented the land. It is further alleged that plaintiff and Blaine Haven reside at Cromwell in Ohio.

318

County, Kentucky, and that plaintiff does now, and has since the execution of the deed in 1920, resided with Blaine Haven, and that after the deed was made Blaine Haven immediately took charge and possession of the land, and made further allegations concerning the conveyance of parts of it by Blaine Haven and the execution of mortgages and other uses made of it, all with the consent and knowledge of plaintiff and without any objections on his part, or any demand of rents from Blaine Haven or any of his tenants or grantees, over a period of a number of years.

By reply plaintiff denied the material allegations of the respective answers and pleaded affirmatively that the provisions in the deed from A. Haven to Blaine Haven relating to reservation of rents constituted constructive notice to all the defendants (appellees) that the plaintiff had the right to claim the portions of the rents therein provided for, and that in addition to such constructive notice defendants had actual knowledge of said provisions, and therefore they are estopped to deny plaintiff's rights to demand rents. Upon the issues thus presented the actions were consolidated and the evidence taken by depositions and the case was submitted to the court without the intervention of a jury.

The chancellor rendered a memorandum opinion which is filed with the record, in which he stated that it was not contemplated that appellant should share any crops grown upon the lands by Blaine Haven himself as owner, but on the other hand appellant could only demand one-third of the rents actually received by Blaine Haven as landlord from tenants to whom he had rented the land; and further, that appellant only expected to share rent with Blaine Haven as long as the latter owned the land but never expected, when the deed in question was prepared, to share rent with a stranger. In reference to the lien the chancellor held that since no lien was expressly retained on the land it is not to be presumed that appellant desired to make the land all but valueless to Blaine Haven so long as appellant lived, and if the rent burden should be held to follow the land that result would follow. The chancellor having arrived at the conclusions set out above, he did not determine the question of estoppel or the other matters set up as a defense by the answer and cross-petition. Judgments were entered in accordance with the opinion dismissing appel-

lant's petitions against the respective defendant appellees, and from those judgments appellant has prosecuted these appeals.

The first question to be determined is the scope and extent of the reservation of rents retained in the deed. It is a fundamental rule that a grantor may impose any burden upon the enjoyment and use of an estate or property provided such burden does not contravene any rule of law or public policy. Baker et al., By Guardian, etc., v. Baker, 191 Ky. 325, 230 S. W. 293. Also in the case of Hall et al. v. Drake et al., 232 Ky. 127, 22 S. W. (2d) 568, it was held that a reservation at the option of grantor of timber of the value of $250 was valid and that the deed conveying same vested grantee with the beneficial ownership of the property subject to that exception. In the present case there is no doubt that the deed from appellant to Blaine Haven conveyed a fee-simple title, subject, however, to the right of appellant to demand one-third of the rentals of the land if he so desired. This deed was of record and constituted constructive notice to the world that appellant had retained this right or reservation in and to the rentals on the land. In Virginia Iron, Coal & Coke Co. v. Combs, 186 Ky. 261, 216 S. W. 846, 847, it is said:

"It is likewise the law that a vendee is not only bound by the recitals of his own deed but must take notice of the contents of prior deeds therein referred to, and that a vendee is in such privity with his vendor that recitals in a deed of record, constituting a link in a chain of title that will amount to an estoppel against his vendor, will be available as an estoppel against the vendee. Mueller v. Engeln, 12 Bush 441; Krauth v. Hahn, 139 Ky. 607, 65 S. W. 18; Devlin on Deeds, vol. 2, Section 718."

In 16 Am. Jur., Section 298, page 607, the technical distinction between "reservation" and "exception" and the effect of such terms is thus stated:

"The terms 'reservation' and 'exception' as used in connection with conveyances of land, although distinguishable, are quite commonly used as interchangeable terms, and the meaning intended must be determined by reference to the subject matter and the surrounding circumstances. An 'exception' and a 'reservation' as thus used do have this in common

—namely, that both subtract or deduct from the thing granted, narrowing and limiting what would otherwise pass by the general words of grant. An analysis of these terms, however, reveals an important distinction. A reservation is the creation in behalf of the grantor of a new right issuing out of the thing granted, something which did not exist as an independent right before the grant.'' Rowland v. Lilly's Heirs, 190 Ky. 757, 228 S. W. 448; Hicks v. Phillips, 146 Ky. 305, 142 S. W. 394, 47 L. R. A., N. S., 878.

The clause of the deed in question is technically a reservation rather than an exception and, as stated in the text of the authority supra, it subtracted or deducted from the conveyance what would otherwise have passed to the grantee; namely, the entire rents or production of the land. Also, in a note on page 608, cited under Section 298 of the authority supra, it is said: ''In effect, a reservation operates by way of regrant by the grantee to the grantor of the estate or interest reserved'' and in support thereof a large number of cases are cited from various jurisdictions.

We conclude, therefore, that the reservation in the deed of one-third of the rentals on the land is a valid one and a condition that runs with the land, and since appellees had notice thereof, their respective purchases of the land were subject to the right of appellant to demand that part of the rents specified in the deed. Appellees insist that since no lien was expressly retained in the deed for the unpaid purchase money, appellant is not entitled to a lien on the land, even though he should be entitled to collect the rents. It must not be overlooked, however, that that clause of the deed plainly states that Blaine Have is to *further pay* A. Haven one-third rents, thus plainly indicating that the rent was a part of the consideration or purchase price of the land. That being true, appellees had notice that the full consideration for the purchase of the land had not been paid, and since it was a condition that runs with the land it is not material that the deed failed to expressly retain a lien. It is our further conclusion, therefore, that appellant is entitled to a lien on the land to secure the payment of the rents in question.

This leaves for consideration the question of estoppel pleaded by the appellees. Appellee C. B. Richardson

testified that he bought 7 acres of land from Blaine Haven in 1928 but he did not know whether or not appellant knew about this purchase at that time and nothing was said about the rent until he had raised his first crop on the land, which was in the fall of 1929, when appellant told him to leave one-third of the corn in the field; he told appellant that if he left any of it he would leave it all, and later appellant told him to go on and gather the corn, which he did, and nothing more was said about rent. He further stated that he purchased another tract of the land for his brother, O. E. Richardson, consisting of 68 acres, and before he made this purchase he talked to appellant about it and appellant did not object to Blaine Haven selling the land. He further said that he asked appellant if he would sign the deed and appellant refused to sign it stating that it would not make it any better as he had "nothing to do with it." He said that his reason for talking to appellant about the purchase of the land and asking him to sign the deed was on account of the provision of the deed reserving the right to demand one-third of the rent. Appellees insist that appellant's statement that "he had nothing to do with it" was a waiver of the rent. It appears, however, that that statement was made in connection with the sale of the land or the deed, and appellant evidently meant that he had nothing to do with the sale of the land since that matter was left entirely to Blaine Haven. Appellant had theretofore demanded rent of C. B. Richardson in accordance with the deed and this was notice to Richardson that appellant contemplated collecting the rent, or at least he was still reserving the right to do so.

Appellee Wallace testified that he talked to appellant about purchasing a part of the land from Blaine Haven before he consummated the deal and appellant told him to go ahead and buy it if he wanted to and that he did not have anything to do with it, and that statement led him to believe that appellant meant to waive his rights to collect any rents. Appellee Rogers testified that he talked to appellant about buying a part of the land from Blaine Haven before he consummated the purchase and appellant did not object to Blaine selling him the land, and further said that appellant told him that he did not intend to collect any rent, and further said: "The Richardsons got him mad and we would pay it." This was notice to Wallace that appellant was expecting to collect the rent.

It is to be noticed that in the testimony of each of the appellees they did not specifically ask appellant whether or not he intended to collect the rents as provided in the deed or whether he would waive same; nor does it appear that appellant told any of them that he would waive his rights to collect the rents, although they consulted appellant about the purchase of the land because of the rental clause in the deed, but they went no further than to ask appellant if he would sign the deed without specifically asking him about a waiver of the rents. Since they had the rents in mind as their purpose for consulting appellant, it is indeed strange that they did not require a definite statement from appellant on the subject of rents.

Without extending this opinion by a further detailed resume of the evidence, it is sufficient to say that we find no statement from any of the appellees to the effect that appellant agreed to waive his rights to collect the rents or did anything to induce them to believe that he would other than to state that he had nothing to do with the sale of the land, but at the same time he did refuse to join in the deeds with Blaine Haven. Since appellant did not agree to waive the rents and refused to join in the deeds, we think appellees were then put on guard and they purchased their respective portions of the land subject to the reservation of rents. We conclude, therefore, that the evidence is insufficient to sustain appellees' plea of estoppel.

It is our conclusion, therefore, that appellant is entitled to collect one-third of the net rentals on any portion of the land embraced in the deed from appellant to Blaine Haven and is entitled to a lien upon the land to secure the payments of such rents.

For the reasons stated, the judgment is reversed and remanded with directions to set it aside and for proceedings consistent with this opinion.

Whole Court sitting.