### GABBARD et al. v. TRUETT et al.

Court of Appeals of Kentucky.

May 2, 1952.

Luker & Tooms, London, for appellants.

Calvert C. Little, Lewis & Weaver, London, J. R. Llewellyn, McKee, for appellees.

MOREMEN, Justice.

By deed dated January 26, 1941, appellants, Ollie Gabbard and Charles Gabbard, conveyed to Pleas Truett and his wife Marie Truett certain real estate located in Jackson County. The deed recited that the conveyance was made "in consideration of keeping John Davis, to board him and furnish him with a home, clothing and medical treatment as long as he lives, the receipt of which is hereby acknowledged." Following the habendum clause, this recitation was made: "A lien is retained upon the property hereby conveyed, as security for the payment of certain unpaid purchase money." There is no provision in the deed giving the right of cancellation upon failure to furnish support.

The Truetts assumed possession under the deed and began to discharge their responsibility to furnish Davis with a home.

On April 14, 1947, appellees executed to appellee Jackson County Bank a promissory note in the sum of $1,000 and secured it by a mortgage covering the real estate above mentioned.

On November 6, 1950, appellants filed a petition in equity in which they alleged that the Truetts, on August 1, 1950, ceased to furnish John Davis with a home or clothing or medical treatment and since that date had failed and refused to comply with the terms of the agreement. The Jackson County Bank was named party defendant and in the prayer of the petition it was asked for a rescission of the deed and that the mortgage be cancelled and set aside.

Separate demurrers were filed by the Truetts and by the bank. The demurrer filed by Pleas Truett and his wife was overruled, but the demurrer filed on behalf of the bank was sustained. Appellants declined to plead further and the court dis-

missed appellants' petition insofar as it sought to state a cause of action against the bank. From this action by the court this appeal is prosecuted.

Appellants contend that the language used in the deed was sufficient to put the bank on inquiry as to whether the deed's covenants were being fulfilled, that the bank was not an innocent purchaser for value, but was charged with constructive notice of appellants' interest. With this we agree. In Haven v. Wallace, 290 Ky. 314, 160 S.W. 2d 619, 622, a recorded deed from father to son recited the consideration of parental love and affection and required the son to "further pay" to the father one-third of rents received from land conveyed, should the father demand it, as long as he lived. We held that this stipulation constituted constructive notice to the world that the father had retained this reservation, and, although the deed did not specifically retain a lien for unpaid purchase money, we said:

"It must not be overlooked, however, that that clause of the deed plainly states that Blaine Haven is to *further pay* A. Haven one-third rents, thus plainly indicating that the rent was a part of the consideration or purchase price of the land. That being true, appellees had notice that the full consideration for the purchase of the land had not been paid, and since it was a condition that runs with the land it is not material that the deed failed to expressly retain a lien. It is our further conclusion, therefore, that appellant is entitled to a lien on the land to secure the payment of the rents in question."

See also Mitchell v. Union Central Life Ins. Co., 218 Ky. 155, 291 S.W. 19, and Farmers' & Drovers' Bank v. German Ins. Bank, 66 S.W. 280, 23 Ky.Law Rep. 2008.

The issues presented in the case at bar so closely resemble the questions decided in Inez Deposit Bank v. Pinson, 276 Ky. 84, 122 S.W.2d 1031, 1033, we believe a rediscussion is unnecessary. There a mother, Nancy Pinson, conveyed land to her son, M. C. Pinson. The recited consideration was one dollar and other valuable consid-

erations, and that the son should support the grantor. There was no condition in the deed concerning right of cancellation upon failure to furnish support. The deed was recorded, and thereafter the son executed various mortgages and leases affecting the land. We said:

"The obligation assumed by M. C. Pinson to support his mother as a part of the consideration for the conveyances was a continuing one. Under section 2358, Kentucky Statutes, Nancy Pinson unquestionably had a lien on the land to secure the unpaid or unperformed consideration. See Webster v. Cadwallader, 133 Ky. 500, 118 S.W. 327, 134 Am.St.Rep. 470. The Webster Case clearly indicates that in the proven circumstances the court should have adjudged that Nancy Pinson had a lien on the land and was entitled to a home thereon and such income therefrom by way of rents, crops, mineral royalties, etc., as would provide for her necessary and reasonable comfort and support so long as she might live. See also Annotations Loar v. Poling, 107 W.Va. 280, 148 S.E. 114, 64 A.L.R. 1246. Any interest that any of appellants may have in the land was acquired subject to this lien of Nancy Pinson."

It was then directed that upon return of the case, the Circuit Court should determine the rights and priorities of the various claimants, subject to the lien of Nancy Pinson for support.

We recognize the fact that appellants prayed that the mortgage to the bank be cancelled, set aside and held for naught, and a demurrer was sustained to the petition, but the prayer also asks for other proper and equitable relief to which they may appear entitled. The allegations of the petition support the right of appellants to a prior lien if they are established by competent proof, and we believe the general terms of the prayer constitute a sufficient request for this right.

The judgment is therefore reversed for proceedings in conformity with this opinion.